(129 App. Div. 447.)

LA FORGE et al. v. LATOURETTE et al.

(Supreme Court, Appellate Division, Second Department. December 30, 1908.)

1. EXECUTORS AND ADMINISTRATORS (§ 115*)—PARTITION SALES—PURCHASE BY ADMINISTRATOR IN INDIVIDUAL CAPACITY—EFFECT.
    Where a joint administrator was a defendant to partition both as an individual and as a personal representative, and the judgment authorized any party to purchase, he could purchase in his individual capacity, without being chargeable as trustee for the plaintiff heirs, though the joint answer of the administrators asked for substantially the same relief asked in the complaint; but he could not take individual advantage of information received as administrator so as to work a fraud.
    [Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. § 467; Dec. Dig. § 115.*]

2. PARTITION (§ 106*)—SALE—CONFIRMATION—JUDICIAL DISCRETION.
    It is discretionary with the court in partition to refuse to confirm a sale to a party upon showing of any good ground therefor.
    [Ed. Note.—For other cases, see Partition, Cent. Dig. § 353; Dec. Dig. § 106.*]

3. PARTITION (§ 106*)—SALES—TRUSTS—ESTOPPEL.
    Plaintiffs, who brought a partition proceeding in which a party made defendant as an individual and as an administrator purchased in his individual capacity, cannot, in a subsequent suit to charge him as trustee, urge that his relation to the matters now in controversy was not called to the attention of the court which confirmed the sale.
    [Ed. Note.—For other cases, see Partition, Cent. Dig. § 361; Dec. Dig. § 106.*]

4. PARTITION (§ 106*)—SALE—RATIFICATION BY PARTIES—MOTION FOR CONFIRMATION.
    Under Code Civ. Proc. § 1577, making a judgment on confirmation of a partition sale "binding and conclusive" upon the parties, where the heirs at law were alone interested, they ratified a sale by moving for confirmation.
    [Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 359, 361; Dec. Dig. § 106.*]

Appeal from Special Term, Richmond County.

Action by Nicholas La Forge and others against Abraham Latourette and others. From a judgment dismissing the complaint, plaintiffs appeal. Affirmed.

Argued before WOODWARD, JENKS, GAYNOR, RICH, and MILLER, JJ.

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

George Bell (Benjamin Patterson, on the brief), for appellants.
Louis S. Phillips, for respondents.

WOODWARD, J.  The complaint in this action alleges in substance that Abraham Latourette (the elder) died intestate on the 7th day of December, 1893, seised of the premises in question; that he left him surviving certain heirs at law, all of whom are parties to this action, with the exception of some who have since died, and whose representatives have been brought in; that Abraham Latourette, the elder, was judicially declared of unsound mind just prior to his decease, and that the defendants Abraham Latourette and Hubbard R. Yetman were appointed committee of his person and estate, and duly qualified as such three days before the intestate's death; that on the 5th day of December the said committee entered into possession of the real estate and personal property of the lunatic, and secured and collected the rents and profits, made repairs thereto, paid taxes, and never surrendered the possession, and never accounted and were never discharged from their trust; that the said defendants Abraham Latourette and Hubbard R. Yetman were duly appointed administrators of the goods, chattels, and credits of said Abraham Latourette, deceased, and that they accepted said trust and duly qualified as such administrators January 18, 1894; that at the time of his decease the said Abraham Latourette was indebted to divers persons; the costs, disbursements, and allowances incurred in the lunacy proceedings, amounting to over $2,600, were unpaid, and the committee had not sufficient funds in their hands with which to pay the same; that the personal estate of the decedent was not sufficient to pay the debts of the deceased, amounting to $1,900, and expenses of the lunacy proceeding, and that the said administrators received in cash realized by them from the personalty only the sum of $750; that on the 18th day of July, 1894, the heirs began a partition suit to partition the real estate of the deceased, including the premises in question, and that the said committee and administrators as such were made parties defendant in that action; that the complaint in the action of partition alleged the appointment and qualification of said defendants Latourette and Yetman, as committee and administrators, as aforesaid, and that claims amounting to about $7,000 had been presented to said administrators, and that the personal estate was insufficient for the payment of the debts of the deceased, and that the complaint in said partition action prays, among other things, that an accounting be had to ascertain the just and lawful claims against the real estate, and to determine the amount due to the said Latourette and Yetman as committee and administrators, and that an accounting be had settling the accounts of the said administrators, and fixing and determining the amount of deficiency after the personal property in their hands shall have been applied to the payment of the said claims, and that from the proceeds of sale of the real estate the court direct payment of such debts, together with the costs and disbursements of said administrators and committee, and for distribution of the balance of the proceeds to the heirs; that the said administrators and committee appeared in said partition action and answered the complaint, by which answer they set up that the deceased was largely indebted to divers persons, and asking

the same relief which the plaintiffs had asked in substance; that the partition action was sent to a referee to take proofs, etc.; that said administrators presented their account of their proceedings, including the costs and expenses of the lunacy proceedings, to the court and referee, and that said referee took, stated, and settled said account and reported the same to the court; that said referee reported that the administrators held and were chargeable with a certain balance of said personal estate over and above their disbursements; that said report was duly confined, and an interlocutory judgment of partition and sale confirming said report was entered in said action; that said judgment provided, in general terms, in the usual form that any party to the action might become a purchaser at such sale, but no application was made to the court by said defendants Latourette or Yetman to permit them to purchase at the sale, nor were the acts of said defendants herein set forth brought to the attention of the court; that pursuant to said interlocutory judgment the property was sold at public auction, and the premises in question were struck off to the defendant Abraham Latourette for the sum of $2,350; that thereafter the sale was reported to the court and confirmed by formal order, and a deed of conveyance made and delivered to said defendant Abraham Latourette individually; that the matters in this complaint alleged as the acts of the defendant Abraham Latourette were not brought to the attention of the court upon such confirmation; that the partition sale realized a sum insufficient to pay the expenses and debts aforesaid, and none of the proceeds of the sale were ever paid to the heirs at law; that final judgment was entered in the partition action directing the payment to said Latourette and Yetman of divers sums of money for their commissions and expenses as committee and as administrators, and the same were paid to them out of the proceeds of said sale; that the final judgment adjudged the interests of each of the heirs in said premises, and directed distribution to them accordingly of the proceeds of the sale after payment of the debts and expenses and costs of the action; that the premises so purchased by the defendant Latourette were then worth more than he paid for them, as he well knew; that the plaintiffs herein were not aware of the purchase aforesaid, and did not know that the same was claimed by Abraham Latourette in his own right until a long time thereafter and shortly before the commencement of this action; that from the time of the death of said Abraham Latourette (the elder), and during all the times of the proceedings in said partition suit, said defendants Abraham Latourette and Hubbard R. Yetman pretended, stated, and represented to said heirs that by virtue of their appointment as committee and administrators they had charge of said real estate and would protect the interests of all concerned therein, including the interests of these plaintiffs; that said Latourette and Yetman did in fact continue to rent, lease, collect the rents, and make repairs upon said real estate as the representatives of plaintiffs and all persons interested, and the plaintiffs relied upon the statements made by them as to their authority in the premises as committee and administrators, and said defendants have never accounted for the rents and profits received by them; that the plaintiffs claim and insist that by virtue of the aforesaid

the sale of the premises to Abraham Latourette was in trust for them, and they hereby so elect, and they demand judgment accordingly.

Leaving out of the consideration the fact that the partition sale took place back in 1894, and that this action was not commenced until 1906, what foundation is there for the claim, now asserted, that Abraham Latourette purchased the premises involved in this action as trustee for the heirs at law of his father? The plaintiffs in this present action were the moving parties in the partition action in 1894; that action sought and secured an adjudication of all the questions then existing between the parties; Abraham Latourette was a party, both in his individual and representative capacities, and the judgment in that case authorized any party to the action to become a purchaser at the sale, and, no matter what may have been the obligations of Abraham Latourette as administrator, as an individual party to the partition action he had a perfect right to purchase the property under the judgment. As an individual party he was as distinct from Abraham Latourette as administrator as though his name had been John Smith, and he had the same rights under the judgment that belonged to any other individual party to the action. Of course, he could not be permitted to take advantage of information coming to him in his representative capacity for his individual advantage in such a manner as to work a fraud; but in the absence of any intimation in the pleadings that he was guilty of actual fraud, he stood in his individual relations to the partition action upon exactly the same foundation that any other heir at law stood, and the judgment specially provided that any party to the action might become a purchaser. He did become a purchaser at the sale in his individual capacity; the plaintiffs here were the moving parties, and the sale thus made to Abraham Latourette was confirmed by the court, which had the discretionary power to refuse such confirmation upon showing any good ground therefor. Kain v. Masterton, 16 N. Y. 174, 178. This was not the case of an administrator or executor purchasing at his own sale, in which event the authorities hold that the sale is only voidable (11 Am. & Eng. Ency. of Law, 1149, and authorities cited in notes), but was a partition action to which Abraham Latourette was an individual party; he was brought into court having jurisdiction of the parties and of the subject-matter, and the prayer of that action was granted, and he has in his individual capacity acted under the terms of the judgment. Because he happened to be also a joint administrator with a third party, both of whom were brought in in their representative capacity, does not change his individual rights, or charge him with the duties of a trustee. As one of two joint administrators of an estate, the personal property of which was insufficient to pay the debts, he was not called upon to refrain from purchasing in his individual capacity, as an individual party to the partition action, simply because, in the joint answer of the administrators, they had asked for substantially the same relief which was demanded in the complaint. This could not deprive Abraham Latourette of his individual rights in an action which these plaintiffs had instituted, and to which he was an individual party; nor can the plaintiffs in this action, who were in control of the partition action, or who were at least within the jurisdiction of the court, be heard to urge that his relations to the matters now under consideration

were not called to the attention of the court which confirmed the sale. The purpose of an action in partition is to finally dispose of the rights of the parties, and these plaintiffs having invoked the aid of the court in the partition action, and being bound to know what was done in an action in which they were before the court as moving parties, it would be a travesty on justice to permit them, years afterward, to take advantage of a change in values to impose upon one of the parties to that action in his individual capacity the duties of a trustee. If the sale had been in fact conducted by the administrators, and Abraham Latourette had become the purchaser, the sale would have been voidable only, and being voidable it could have been ratified (11 Am. & Eng. Ency. of Law, 1149), and the heirs at law alone being interested (no creditors remaining unsatisfied), they must be deemed to have ratified this sale when they moved the court for confirmation. This is clearly the result which is contemplated by section 1577 of the Code of Civil Procedure, which provides that:

"If the sale is confirmed by the court, a final judgment must be entered, confirming it accordingly. * * * Such a final judgment is binding and conclusive upon the same persons, upon whom a final judgment for partition is made binding and conclusive by section 1557 of this act; and it effectually bars each of those persons, who is not a purchaser at the sale, from all right, title and interest in the property sold."

The judgment entered upon the confirmation of the sale is declared to be "binding and conclusive" upon the parties to the action, and, if there were any reasons why the sale should not be confirmed, it was the duty of the parties to the action, or any of them, to call the facts to the attention of the court. Having neglected to do so, and having remained passive all these years, we are fully of the opinion that the plaintiffs have failed to show facts sufficient to constitute a cause of action, and the judgment should not be disturbed. See Matter of Monroe's Estate, 142 N. Y. 484, 490, 37 N. E. 517, and authority there cited; Geyer v. Snyder, 140 N. Y. 394, 35 N. E. 784.

The judgment appealed from should be affirmed, with costs. All concur. GAYNOR, J., concurs in separate opinion.

GAYNOR, J. (concurring in result). By acquiescence in the claim that the respondents as administrators of the person from whom the title descended, or for having been the committee of the estate of such person at the time of his death, held a relation of trust to his heirs in respect of the real estate which descended from him to them, and therefore could not lawfully purchase such real estate for themselves at the partition sale thereof, and putting our decision on the ground that they purchased in their individual and not in their trust capacity, we would be apparently admitting that such trust relation existed, and that they could get around it by the subterfuge of purchasing, or saying they purchased, in their individual capacity, thereby establishing an apparent precedent which would be often cited hereafter. Administrators have no trust relation to the heirs in respect of an intestate's real estate; and whatever authority these respondents had over the intestate's real estate as committee in his lifetime ceased at his death. And where the trust relation exists the trustees are not per-

mitted to purchase the property in their individual capacity. That is just what the rule prevents, and that they may be defendants in their individual capacity as well as in their trust capacity can make no difference in that respect. Nor do I wish to concur in the apparent view that a purchase by a trustee of the trust property at his own or at a judicial sale is not voidable at the mere election of the beneficiaries, instead of only by a judgment. Davoue v. Fanning, 2 Johns. Ch. 252; Anderson v. Fry, 123 App. Div. 46, 107 N. Y. Supp. 916.