FOURTH DEPARTMENT, MAY, 1999

(May 7, 1999)

■ In the Matter of DAVID A. FARRELL, as Administrator C. T. A. of the Estate of WILLIAM G. MEAL, Also Known as WILLIAM G. MEAL, JR., Deceased, Respondent. DAVID A. TUREK et al., Appellants; CHARLENE CALHOUN et al., Respondents. (Appeal No. 1.) [689 NYS2d 567] —Order unanimously affirmed

2. As noted, petitioner was not eligible to join the TRS until 1971.

without costs. Memorandum: The Surrogate properly directed that decedent's 330-acre parcel of real property be sold to the party who submitted the highest bid pursuant to the sealed bid procedures established by petitioner, the administrator of decedent's estate. The price submitted by the highest bidder significantly exceeded the appraised value of the property and the only other sealed bid that was submitted. We reject the contention of respondents David A. Turek, Frank A. Turek, Jr., and Mark A. Meal that the court failed to perform its statutory role in approving the bid process and directing that the property be sold. The court's decision establishes that the court properly considered the sales price in relation to the appraised value of the property and whether the sale was the "best manner and time of disposition" (SCPA 1907 [1]). Evidence that other parties might have submitted a higher bid or that an unsuccessful bidder, upon learning that his sealed bid would not be accepted, submitted a bid in excess of the highest sealed bid does not establish conclusively that the sum bid was an inadequate price for the property. Such evidence is speculative and was properly disregarded by the court (see, Kain v Masterton, 16 NY 174, 178-179). (Appeals from Order of Cayuga County Surrogate's Court, Contiguglia, S.—SCPA.) Present—Green, J. P., Pine, Wisner, Pigott, Jr., and Balio, JJ.