First Nat. Bank v. Kromer, 126 Wis. 436.

First National Bank of Wausau, Appellant, vs. Kromer, imp., Respondent.

*November 20—December 12, 1905.*

*Service of summons: Amendment of ·proof: Judgment by default: Vacating: Re-entry: Jurisdiction.*

1. The proof of service of a summons, though made by a person other than an officer, may be amended.

·2. As a general rule, after the papers have been filed the proof of service of summons by a person other than an officer can be amended only upon leave of court; and the better practice is. to give the adverse party an opportunity to be heard, although failure to do so would not constitute prejudicial error.

3. Where, however, the proof of service has been held insufficient. to show jurisdiction and a judgment by default rendered on such defective proof has been stricken from the records, the papers may be withdrawn from the files for the purpose of making a new service or of making proper proof of the original service.

4. A judgment by default, entered before the clerk, was vacated because the proof of service of the summons was insufficient. Afterwards a second judgment, entered upon new and sufficient. proof of service, was vacated upon the ground that the clerk had no jurisdiction to enter it. *Held* that, notwithstanding such orders, the court had jurisdiction thereafter, upon application and on determining that proper service had actually been made, to enter judgment for plaintiff on the default.

Appeal from an order of the circuit court for Outagamie county: John Goodland, Circuit Judge. *Reversed.*

Judgment was entered in plaintiff's favor by default before the clerk December 6, 1899. The action was on contract for the recovery of money. All conditions precedent to·the entry of such judgment were satisfied, save and except the filing of proper proof of service of the summons on the defendants. The proof filed was made by a person not an officer, and was fatally defective. Defendants appeared specially for the purpose only of setting aside the judgment as void. Pursuant to defendants' motion in that regard October 17, 1903, the court

vacated the judgment.   October 9, 1903, a new proof of service, good in form, by the person who made the previous defective proof was filed with the clerk of the circuit court, and thereupon on application of the plaintiff he re-entered judgment.   October 24, 1903, the second judgment was vacated upon the ground that the clerk had no jurisdiction to enter the same.   Thereafter application was made to the circuit court for judgment.   At first the court regarded the only question for consideration to be whether the service was actually made upon the defendant or not.   The matter in that regard was referred to a referee to take proof and report the same with findings.   The result of the proceedings before the referee was a finding that service was made upon defendant as indicated in the second affidavit of service.   A motion was thereupon made to confirm such finding and for judgment by default, which motion was denied upon the ground that by reason of the order of October 17, 1903, vacating the first judgment the court had no further jurisdiction in the premises.

From the order accordingly entered this appeal was taken.

For the appellant there was a brief by *Kreutzer, Bird & Rosenberry,* and oral argument by *C. B. Bird.*

For the respondent there was a brief by *G. H. Dawson* and *Henry D. Ryan,* and oral argument by *J. E. Lehr.*

Marshall, J.   The question here for solution is this: The trial court having vacated a judgment entered before its clerk under sec. 2891, Stats. 1898, as void because the proof of service of the summons upon the defendants, purporting to have been made by a person other than an officer, was insufficient; and such person having made a new proof of service, good in form, upon which a second judgment was entered before such clerk, which upon a contest before the court as to whether there was such service in fact, and as to whether, even if there was such service, the previous order of the court did

not prevent its proceeding further, was set aside upon the ground that the clerk was without jurisdiction in the matter,—had such court authority,—upon application to it for judgment, and upon being satisfied by competent proof that service of the summons was actually made upon the defendants as stated in the return,—to enter judgment in plaintiff's favor; there being no other objections thereto than such as went either to the fact of service, or validity of the proof thereof, or the jurisdiction of the court in the premises?

No question is raised as to the validity of the return of service as finally made, except that it was not competent for one not an officer to amend his return. No reason is suggested why it should be held that the power to amend a return of service is different as to an officer than one not an officer, except that counsel has been unable to find any authority in the written law, or otherwise, permitting such an amendment by the latter. Counsel's labor was evidently just as unfruitful as regards finding authority that the power of amendment in such cases is limited to officers. It would seem that the statute which authorizes a private person in lieu of an officer to serve the summons and prescribes the essentials of the return, by necessary implication gives such person authority to amend such return to the same extent as an officer might under the same circumstances. In the absence of express authority against that view we should be inclined to so hold. The dearth of authority to the contrary suggests that no court has considered there was serious doubt about the matter, rather than that the power of amendment does not exist, since the reasons therefor are rather greater in case of a private person than of an officer.

In *Hall v. Graham,* 49 Wis. 553, 5 N. W. 943, it was inferentially held in harmony with the views here expressed. The judgment there was reversed because entered by the clerk without a proper return of service of the summons upon the defendant having been filed. The service was claimed to

have been made by one not an officer. After the appeal was taken the trial court permitted the return to be amended, which was supplementarily certified to this court. The judgment, however, was reversed upon the ground that it was too late to make the amendment *after the appeal was perfected.*

The further suggestion is made that in any event it was not proper to amend the return without leave of court granted upon notice to the adverse party, since the person claimed to have made the service had parted with the papers and they had become incorporated into the files of the court. By reason of the conclusion we have reached upon the main point, that might be passed without notice, but since it is presented for decision and is an important practice matter it is thought best to decide it. The general rule doubtless is that while the papers are in the possession of the person who made the service, or his return is in his possession, he can amend the latter in accordance with the facts on his own motion or at the request of the party interested, but that after the papers have been filed it cannot be amended except upon leave of court, and the better practice is only upon leave granted after opportunity for the adverse party to be heard, although failure in respect to the latter feature would not constitute prejudicial error. 18 Ency. Pl. & Pr. 954. However, where the return filed has been held insufficient to show jurisdiction over the defendant, and the judgment rendered on the defective proof has been stricken from the records, no reason is perceived why the plaintiff cannot withdraw the papers from the files for the purpose of making a new service, or making the proper proof of the original service, if the facts will permit of the latter.

What has been said leaves the main question involved in the proposition stated at the opening of the opinion to be decided. There was proof of service, as indicated, good in form, presented to the court on the application for judgment. The adverse party had ample opportunity to be heard. The

person who made the service was competent to make the new
proof, if the facts warranted it.    The controversy as to the
fact of service was duly adjudicated in favor of appellant.
Nothing stood in the way of granting the application for judg-
ment unless the orders of the court vacating the previous judg-
ments did.    The learned judge's idea that such orders, or one
of them, left his court without jurisdiction to review any mat-
ter involved and decided in the prior proceedings is erroneous.
A trial court under our system, so long as a case before it has
not been closed by a final judgment, or if closed the time has
not elapsed within which such court still has control thereof,
may, upon a proper application therefor, correct errors of its
own commission. That has long been well settled. *Hackett v.
Carter,* 38 Wis. 394; *Watson v. Appleton,* 62 Wis. 267, 22
N. W. 475; *Schoenleber v. Burkhardt,* 94 Wis. 575, 69 N.
W. 343; *Castle v. Madison,* 113 Wis. 346, 89 N. W. 156;
*Madden v. Kinney,* 116 Wis. 561, 93 N. W. 535; *Hart v.
Godkin,* 122 Wis. 646, 100 N. W. 1057.    Such power of
trial courts to review their own proceedings and correct their
own errors is a very important feature of our system.    A full
appreciation of such power, a careful study of all situations
where the exercise of it might be proper, and prompt action
to correct imperfections which such study discloses with rea-
sonable certainty, will promote the speedy, economical, and
correct vindication of rights in controversy.    Of course, the
trial court having once judicially closed a matter, after giving
such thought thereto that from the standpoint of the judge a
reconsideration would not be liable to result differently, is
well warranted in refusing to go over the matter a second
time, though he still has full control of the litigation, but the
doctrine of *res adjudicata* has no application to such a situa-
tion.

If the learned court in disposing of this case had under-
stood the scope of its authority, as before indicated, the ap-
plication for judgment would, doubtless, have been granted.

Proof of jurisdiction to enter the judgment applied for was perfect. The service of the summons gave such jurisdiction. Proof of that service established the fact of jurisdiction and entitled appellant as a matter of right to the action invoked.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to render judgment in favor of the plaintiff in accordance with its application.