HOEFER and another, Respondents, vs. CITY OF MILWAUKEE and others, Appellants.

*October 30—November 18, 1913.*

Appeal: Orders: Service of copy, etc.: Several orders in one appeal: Dismissal as to one: Affirmance and reversal: Res judicata: Municipal corporations: Streets: Resurfacing: Special assessments: Validity: Pleading: Statute construed.

1. Although strictly, under sec. 3042, Stats., a copy of an order should be served with the notice of entry thereof, the statute is satisfied by service of the copy at one time and the notice of entry at a later date.

2. If an appeal embracing two or more orders is ineffective as to one of them because taken too late, it will be dismissed as to that one but held effective as to the others.

3. Where the appeal from one order in the cause is ineffective and such order, being still in force, concludes the subject matter of a later order, such later order should be affirmed although properly appealed from.

4. Where a special assessment for resurfacing a street is authorized by statute upon presentation of a certain petition, the complaint in an action to set aside such assessment as unauthorized and illegal should expressly negative the presentation of such a petition.

5. The words "or curbing or resurfacing of such street or avenue," added to sec. 959—35, Stats.; by ch. 185, Laws of 1911, refer to any street or avenue in the cities there specified, and not merely to streets or avenues which have been improved with

a permanent pavement having a concrete foundation; hence under that statute any such street or avenue may be curbed or resurfaced and the expense, not exceeding the statutory limit, assessed against the abutting property.

APPEAL from three orders of the circuit court for Milwaukee county: J. C. LUDWIG, Circuit Judge. *Dismissed as to one; one affirmed; one reversed.*

For the appellants there was a brief by *Daniel W. Hoan,* city attorney, and *Clifton Williams,* special assistant city attorney, and oral argument by *Mr. Williams.*

For the respondents there was a brief by *Rowan, Kalaher & Stoecker,* and oral argument by *F. J. Rowan.*

TIMLIN, J.   This appeal covers three orders made in the above entitled cause.   One of these orders was made on February 18, 1913, and it granted or continued an injunction *pendente lite* and also relieved plaintiffs from paying the assessment in question as a condition precedent to maintaining the action.   Service of a copy of this order upon defendants was begun February 18 and completed February 19, 1913.   A notice of entry of the order was separately served on defendants March 11, 1913.   The second order appealed from was made April 5, 1913, and it denied defendants' motion to dismiss the cause made on the ground that plaintiff had not paid the assessment.   The third order appealed from was made on April 5, 1913, and overruled defendants' demurrer to the complaint.   The appeal was taken on April 14th of the same year.  . Under such circumstances the appeal cannot be wholly dismissed because by sec. 3049, Stats., an appeal may embrace two or more appealable orders, and if it is ineffectual as to any order included in the appeal that does not avoid the appeal.   Strictly the copy of the order should be served with a notice of entry thereof. Sec. 3042, Stats.   But we think the statute is satisfied by service of the copy at one time and the notice of entry

thereof later, as was done in this case. A copy of the first mentioned order and notice of entry thereof having been in this manner served more than thirty days prior to the appeal from such order, that portion of the appeal is ineffective and the appellants are entitled to no review of that order in this court. This is equivalent to a dismissal of the appeal as to that order.

With reference to the second order it must be affirmed on this appeal because the order first mentioned is in force and unreversed and concludes the subject matter of the second order, so that the second order was properly made.

This brings us to the merits of the order overruling the demurrer. The complaint describes the parties and the premises and avers that the street in question was in good condition and repair "prior to and at the time of resurfacing thereof and work thereon and pretended assessment therefor." It is averred that the street had been, prior to this last assessment, graded and graveled and the gutters paved and the sidewalks laid and curbing done, all to the established grade. This was paid for by special assessment on the abutting property. The charter provisions requiring improvements subsequent to the first to be paid out of the city or ward funds are referred to, and then:

"On the 26th day of February, 1912, the department of public works sent to the common council of said city a recommendation for doing the following work on said street: 'resurfacing the roadway with macadam, curbing the sidewalk with stone (old curb, if possible, to be reset) and doing all the necessary grading pertaining to the above work,' accompanied by a resolution to that end, which resolution was referred by said common council to the committee on streets and alleys thereof, and thereafter such proceedings were taken by said common council, mayor, and department of public works that a pretended assessment of benefits and damages was made and assessed against said premises on account of said resurfacing and work."

The letting of the contract and some of its stipulations, the specifications and some of their requirements, the lack of knowledge of the plaintiff that a special assessment had been made "until the partial completion of said resurfacing and work," the acceptance of the work, and the issue of assessment certificates to the contractor, are averred. The portion of the specifications quoted and that averred in substance are as follows:

"Said contract and specifications provided that: 'the grading will consist of the plowing-up, scarifying, or otherwise loosening the present surface of the street to the depth of about four inches,' as expressed therein, and provided for the rolling thereof and for the resurfacing with a two-inch layer of crushed stone and bituminous road binder when thoroughly rolled, constituting said resurfacing."

It is also averred that the assessment is void and wrong and fraudulent and unconstitutional, but the complaint does not tell us why, except as above stated. This pleading therefore presents the broad proposition that where a street has been once made and graded to the established grade line and the cost assessed on the abutting property, no further special assessment can be made on the abutting property for benefits arising from such resurfacing as is therein described. Ch. 241, Laws of 1903, applicable to the city of *Milwaukee,* does authorize such special assessment whenever a petition is presented to the common council by residents of the city "owning a two-thirds majority of the feet in front of all the lots fronting upon such proposed improvements." There is nothing in this complaint to negative the fact that such petition was presented in the instant case, hence the complaint fails to show affirmatively, as it should, that the special assessment complained of is illegal.

Further, ch. 185, Laws of 1911, otherwise sec. 959—35, Stats., provides as follows:

"No property fronting on any street or avenue in any city of the first, second, or third class shall be exempt from any

assessment 'of benefits on account of the paving of said street or avenue with a permanent pavement, having a concrete foundation or the curbing or resurfacing of such street or avenue, until such property shall have paid," etc.

If the words "such street or avenue," found in the provision relative to curbing or resurfacing, relate to the prior words "said street" and through these words back to the words "any street or avenue in said city," then the power is given to curb or resurface any street and make a special assessment therefor, except where the property has already paid a stated amount in special assessments. On the other hand, if the words "such street" refer solely to streets "having a concrete foundation," only the latter may be curbed or resurfaced under the statute last mentioned. The provision relative to curbing or resurfacing was inserted in this statute by amendment. Ch. 185, Laws of 1911. If the word "or" preceding the word "curbing" and the "or" preceding the word "resurfacing" are used in the distributive or disjunctive sense, we have a provision that the exemption shall not apply, first, to making a permanent pavement on a concrete foundation; nor, second, to the curbing of a street; nor, third, to the resurfacing of a street. If paving includes curbing and resurfacing, then the amendment of 1911 was unnecessary and futile and the words "or curbing or resurfacing" add nothing to the statute as it existed before the amendment.

In *Loewenbach v. Milwaukee,* 139 Wis. 49, 119 N. W. 888, it was held that the word "paving" in sec. 6 of ch. VII of the Milwaukee charter included repaving. *Wistar v. Philadelphia,* 80 Pa. St. 505, 511, is cited in support of that construction. That case also holds that authority to pave includes curbing, which is a necessary part of paving a street. Pavement includes flagging as well as other improvements making a smooth surface for streets and sidewalks. *Matter of Burmeister,* 76 N. Y. 174, 181. Also the construction of gutters. *Warren v. Henly,* 31 Iowa, 31, 36; *Matter of*

*Grube,* 20 Hun, 303, 304. The word includes all things necessary to make a level and convenient surface for horses, carriages, and foot passengers of any convenient, common, or practical material and all necessary excavation or filling to prepare the surface and removal of obstacles as well as laying the paving stones or other surface material. *Buell v. Ball,* 20 Iowa, 282, 290. The power to pave the city streets conferred upon the common council by charter includes curbs, sidewalks, gutters, trimmings, and grading. *Jacquemin v. Finnegan,* 39 Misc. 628, 80 N. Y. Supp. 207, 209, citing Elliott, Roads & Streets (2d ed.) § 461 (see 3d ed. § 552); 2 Dillon, Mun. Corp. (4th ed.) § 780, note 1 (and see 5th ed. vol. 4, § 1447).

Prior to the amendment of 1911 the statute declared that property there described should not be exempt from any assessment of benefits on account of the paving of the street in front with a permanent pavement having a concrete foundation until, etc. This would include curbing and resurfacing as part of the pavement, provided it was all done on a concrete foundation and was a permanent pavement. The respondents here attempt to give the statute this same construction after the amendment of 1911. Rules of construction require us to give some force and effect to the amendment, and although the words "curbing or resurfacing of such street or avenue" might otherwise be taken to refer to a street or avenue having a concrete foundation, yet the statute will also bear a construction which will give the amendment of 1911 some significance and some effect. The amendment of 1911 also added the following:

"In cities of the first and second class exemption shall extend only to and include one half of the cost of such pavement, curbing, or resurfacing in excess of three dollars per square yard and only one half the cost of any subsequent pavement, repavement, or resurfacing of such street or avenue."

This indicates that the pavement, curbing, and resurfacing are separately provided for, and a recognition that after a pavement or curbing or resurfacing there may be either a subsequent pavement, a repavement, or a resurfacing, part of the cost of which may be assessed on abutting property although the street in question had theretofore been constructed to the grade established by the common council. Here the words "cost of any subsequent pavement, repavement, or resurfacing of such street or avenue" evidently mean any street or avenue in any city of the first or second class and are not limited to streets or avenues with a permanent pavement having a concrete foundation. The statute therefore must be held to mean that the exemption is taken away from abutting property to the extent stated, in three cases: first, paving with a permanent pavement on a concrete foundation; second, curbing; and third, resurfacing. "Such street or avenue," therefore, means the same as the prior expression "said street or avenue," and refers to a street or avenue in any city of the class mentioned.

Tested by this statute so construed, the complaint also fails to state a cause of action. Hence as to the first mentioned order the appeal should be dismissed, the second order should be affirmed, and the third order reversed, and the cause remanded for further proceedings according to law. The appellants should pay the clerk's fees. No other costs to be allowed.

*By the Court.*—It is so ordered.