Town of Erin Prairie, Respondent, vs. Wells, Appellant.

*May 4—October 6, 1914.*

*Appeal: Orders: Review.*

Where **no** appeal was taken from an order within the time lim-
ited, mere error in such order cannot be reached by appealing
from an order refusing to set it aside.

Appeal from an order of the circuit court for St. Croix
county: E. C. Higbee, Judge. *Affirmed.*

Plaintiff commenced an action in justice's court against
defendant for encroaching on a highway. Defendant an-
swered that, upon the trial, the title to real estate would come
in question, complied with the statutory condition for re-
moval in such cases to the circuit court for trial, and asked
for such removal. The motion was denied. The cause was
thereafter twice tried in justice's court before a jury, result-
ing in a disagreement each time. Upon its regularly coming
on for a trial a third time, defendant did not appear, believ-
ing the justice did not have jurisdiction. Such proceedings
were then had that judgment was rendered in plaintiff's favor.
Defendant appealed, but entitled the papers as in "State of
Wisconsin," instead of Town of Erin Prairie, plaintiff,
against the defendant; but correctly described the judgment
intended to be appealed from. Pursuant to such appeal the
justice certified the papers to the circuit court. The cause
was duly placed on the calendar for trial under the incorrect
title. Thereafter a stipulation was made, in which the case
was entitled as Thomas Hagan et al., Supervisors of the Town
of Erin Prairie, vs. Dan Wells, to the effect that such cause
might be placed on the calendar for trial with the right of
either party to a continuance without costs. The cause was
continued from term to term by consent until March, 1913,
when, on motion of plaintiff's attorney, it was dismissed be-

cause of there not being any case corresponding to the title in the appeal papers. In the order of dismissal the papers were directed to be returned to the justice of the peace and were so returned. A copy of the order and notice of the entry thereof were duly served on defendant's attorney. After delay of several months on account of the sickness and death of such attorney, application was made to set aside the order. The motion was denied. This appeal is from the order accordingly entered.

For the appellant there were briefs by *S. N. Hawkins,* attorney, and *H. A. Loughran,* of counsel, and oral argument by *Mr. Hawkins.*

For the respondent there was a brief by *McNally & Doar,* and oral argument by *W. F. McNally.*

The following opinion was filed May 21, 1914:

MARSHALL, J. If there were error in dismissing the cause it was one of law, which, after the trial term, could be corrected only by appeal. It was not within sec. 2832, Stats.

An order claimed to be erroneous and which has passed the stage of competency for the circuit court to deal with it cannot be reviewed on appeal from an order refusing to set it aside.

*By the Court.*—The order is affirmed.

The following opinion was filed October 6, 1914:

PER CURIAM. A motion for a rehearing herein which has been duly submitted is denied; the first ground of the decision, however, was not warranted by the record. Though a long period had elapsed between the entry of the order dismissing the appeal and the one refusing to set it aside, it appears that the term of court had been kept open in the meantime.

The time had expired for taking an appeal from the first

order when the second was entered.    Therefore, mere error in respect to the former could not be reached by appealing from the latter, as counsel for respondent contended at first and still contend.    *Van Steenwyck v. Miller,* 18 Wis. 320. As there said if such were not the case the statute limiting the time to appeal from orders would be wholly nullified.