FRED MILLER BREWING COMPANY vs. KNEBEL and wife,
imp., Respondents: HOPPE, Receiver, Appellant.

*February 6—March 4, 1919.*

*Appeal: Orders: Extension of time limited.*

The time limited by sec. 3042, Stats., for the taking of an appeal
from an order of the circuit court cannot be extended by an
application, made after such time has expired, for a modifica-
tion of the order so that it shall grant the relief which it
denied and an attempted appeal, under sec. 3049, from both
the original order and a second order specifically denying
such modification.  The second order, in such case, is not
appealable.

APPEAL from two orders of the circuit court for Mil-
waukee county: OSCAR M. FRITZ, Circuit Judge.  *Dismissed.*

The appellant herein was receiver in this mortgage fore-
closure action.  Pursuant to the judgment the premises were
sold on December 24, 1917.  On January 4, 1918, the re-
ceiver paid out of funds then in his hands the city and county
taxes for 1914.  Upon the hearing on his account the cir-
cuit court, upon objections being interposed thereto, de-
termined that certain items claimed by him, including those
for such taxes, should be disallowed and he be required to
account therefor, and a written order to that effect was
made on March 6, 1915.  Notice of entry of such order was
duly and immediately served.

On April 30th, upon receiver's application, by an order to
show cause of April 24th, to partially modify the aforesaid
order of March 6th, the court made an order changing a
portion of the order of March 6th so that it now recites that
the sale of December 24th was made subject to *certain* of the
taxes then outstanding instead of *all* the outstanding taxes,
and then specifically denied the motion to modify so far as
it concerned the disallowance of the credit claimed by him
for the payment of the taxes.  Exceptions were filed by the
receiver to these orders of March 6th and April 30th.  Due

notice of the entry of the latter order was served on the respective parties. On May 6th the receiver gave notice of appeal to this court from so much of the order of March 6th as denied him credit for the payment of the taxes aforesaid and from the order of April 30th. The defendants *Henry P.* and *Emma Knebel,* who were the mortgagors of said real estate and the respondents herein, have moved to dismiss such appeal.

For the appellant there were briefs by *Quarles, Spence & Quarles,* attorneys, and *J. V. Quarles,* of counsel, all of Milwaukee, and oral argument by *J. V. Quarles.*

For the respondent *Henry P. Knebel* there was a brief by *Curtis, Dorr & Mock* of Milwaukee, his attorneys, and *Frank T. Boesel,* attorney for respondent *Emma Knebel;* a separate brief for the respondent *Emma Knebel* by *Lenicheck, Boesel & Wickhem,* attorneys, and *Frank T. Boesel,* of counsel, all of Milwaukee; and the cause was argued orally by *Frank T. Boesel.*

ESCHWEILER, J.    For more than thirty days after service upon him of notice of the entry of the order of March 6, 1918, no attempt was made by the receiver to give any notice of intention to appeal therefrom. By the order to show cause of April 24th he sought to have reviewed and modified the identical matter disposed of by the court by its order of March 6th, and the substance and effect of such latter order was no more than a repetition of that which had been done on March 6th. The first order, therefore, being in force and unreversed, concluded and determined the subject matter of the second order. *Hoefer v. Milwaukee,* 155 Wis. 83, 143 N. W. 1038; *Erin Prairie v. Wells,* 158 Wis. 140, 147 N. W. 374, 148 N. W. 1095.

Since neither the consent of parties nor action of the court can extend the statutory time for the taking of an appeal *(Filer & Stowell Co. v. C., M. & St. P. R. Co.* 161 Wis. 591, 155 N. W. 118), such a result cannot be reached by the indirect method of again moving for the same relief that was

refused in the prior order. The order of April 30th not being an appealable one and the time for appealing from the order of March 6th having expired, there is no appealable order before us. It is therefore unnecessary to consider the effect of the language relied upon by receiver's counsel, found in sec. 3049, Stats., which provides, "An appeal may embrace two or more appealable orders if the time for appealing therefrom or *from either of them* has not expired," and any possible conflict there may be between that statute and the effect to be given to sec. 3042, Stats., which limits the time within which appeals may be taken from orders made by the circuit court to thirty days after written notice of the making of the same.

We are prompted to also say that an examination of the record before us satisfies us that a dismissal of this appeal works no injustice to the receiver.

*By the Court.*—Appeal dismissed.