## GERTRUDE M. BURR v. CURTIS HOTEL COMPANY AND ANOTHER.[1]

January 20, 1922.

No. 22,575.

**Fall of passenger elevator because of hidden defect.**

1. Assuming, but not deciding, the court's instructions to be correct, that defendants were not answerable for the negligence of the concern which installed a passenger elevator in their hotel, if the jury found the concern to be well known and reputable and also found that the elevator fell because of a hidden defect not discovered by inspection, the evidence warranted the jury in rejecting the evidence of defendants' engineer that a hidden defect caused the fall.

**Judgment notwithstanding verdict.**

2. A litigant, whose objection has caused the court to erroneously exclude evidence tending to sustain the verdict rendered, is not entitled to judgment non obstante.

Action in the district court for Hennepin county to recover $24,000 for injuries received in the fall of an elevator. The case was tried before Hale, J., who at the close of the testimony denied defendants' motion for a directed verdict, and a jury which returned a verdict for $6,800. Defendants' motion for judgment notwithstanding the verdict was denied. From the judgment entered pursuant to the verdict, defendants appealed. Affirmed.

*Barrows & Metcalf* and *Selover, Schultz & Mansfield,* for appellants.
*George T. Simpson* and *John F. Dahl,* for respondent.

HOLT, J.

Defendants moved for judgment notwithstanding the verdict. The motion was denied. The appeal is from the judgment.

A passenger elevator in the Curtis Hotel in Minneapolis fell from the first floor to the basement, a distance of some 10 or 12 feet. Plaintiff, a guest, was a passenger and received injuries for which

[1]Reported in 186 N. W. 302.

she was awarded substantial damages in this action. The amount is not questioned. It is conceded that there was no contributory negligence, and that the mere fact that the elevator fell was, under the rule of res ipsa loquitur, prima facie proof of defendants' negligence. It is not disputed that the injuries were the proximate result of the falling of the elevator.

The sole basis for the appeal is the contention that defendants' evidence conclusively establishes their freedom from negligence, by showing that what caused the elevator to fall was a hidden defect which could not be detected by any sort of inspection. The elevator cage is supported by two wire cables passing over a drum at the top of the elevator shaft. These cables are fastened or anchored to a steel beam on the top of the cage by passing through bell shaped holes called thimbles. The holes are just large enough at the top to admit the cables, but widen toward the bottom. After the cables are passed through, they are knotted and then melted babbit metal is poured in, making a solid mass in the holes or thimbles, securely anchoring the cables. The testimony of the engineer was that, after the accident, he found that one cable had pulled out of its thimble and the other had broken off an inch and a half inside. He also testified that he melted out the babbit in the thimbles and found that neither cable had been knotted. Were this true, there had been criminal negligence on the part of the workmen who had attached the cables to the elevator cage.

The learned trial court instructed the jury, in substance, that, if they found that the elevator had been installed by a well known and reputable concern, defendants had a right to assume that it was not only safe but that if duly operated no one would be injured, and if they found that one of the cables pulled out and the other broke because of a hidden defect which could not be discovered from the outside, defendants should have a verdict. Also that, if they found that the cause of the fall of the elevator was the pulling out of the end of the cable because it was not properly fastened with a knot and the other broke, and defendants had used the highest degree of care in the purchase of the elevator and in its operation, the verdict should be for them; that defendants were not

insurers that an accident to the elevator would not happen through some fault of the contractors or those who constructed or placed it in position. We shall not stop to consider whether this position of the court is sound; it surely cannot be claimed to be too favorable to plaintiff.

In owning and operating this elevator in their hotel, defendants practically owed the duty of a common carrier to the passengers thereon. Hutchinson, Car. (3d ed.) § 909 (§ 512), states: "The better opinion and the decided weight of authority is in favor of the position that, so far as the passenger is concerned, the carrier is responsible for the negligence of the manufacturer." See also the instructive case of Dibbert v. Metropolitan Inv. Co. 158 Wis. 69, 147 N. W. 3, 148 N. W. 1095, L. R. A. 1915D, 305, Ann. Cas. 1916E, 924, which held the owner of the building liable for the negligence of the manufacturer of a passenger elevator, and extensively discusses the authorities. But, assuming for the purposes of this decision that the instructions to the jury are the law, we nevertheless feel confident that the evidence does not compel a finding that the elevator fell because the workmen who installed the cables neglected to knot them. There are certain matters in respect to the testimony of the engineer that properly might have taxed the credulity of the jury to the breaking point. He went on top of the cage to examine it after it fell, but did not notice that the cables were detached. He went on top of the shaft and started the motor in the pent house, before he discovered that they did not move the elevator cage. He did not report to the city inspector of elevators that the accident had been caused by this alleged defect in anchoring the cables. Again two of defendants' witnesses testified that both cables appeared as if they had been sheared off. The testimony was that the elevator, when filled with passengers, weighed about 2,500 pounds, and that each cable had a tensile strength of 7,000 pounds. When it fell the elevator was only half filled. With that load it is difficult to understand why, even if one cable did pull out, the other should break. Defendants did not produce the person who operated the elevator when it fell to explain how it was handled and what he observed as to conditions. It also appears that the

elevator was equipped with safety brakes, but these were so set that the cage would have to fall 15 feet before they would act. Whether they could be regulated so as to function in a less distance was not made to appear. The jury were not bound to believe the engineer's story that the cables pulled out because negligently anchored by some one for whose acts defendants were not answerable under the court's instructions. One of defendants' experts, who had inspected the elevator on several occasions previous to the accident, testified that, if the cables had not been knotted when anchored in the thimbles, it would have been indicated by an inspection at the top of the thimbles where the cables emerge from the babbitt, but that he had not found any indications of an improper attachment at the examinations he had made. The jury might also be influenced against accepting the testimony of the engineer as true by the fact that since there was no testimony from the person who ran the elevator on the occasion, some mismanagement on his part might have put such an unusual strain on the cables that they snapped, or that in the fall the cage jammed, and when the engineer applied the power from the pent house the cables "sheared off."

Another matter, no doubt, made the jury hesitate to accept the engineer's explanation of the accident. The elevator was equipped with a safety device, but this was so set that it did not function until the cage had fallen 15 feet. There is no explanation as to why it was not set or regulated so as to operate in a less distance. As set, the safety device was entirely useless from where this accident occurred.

There is another valid reason why defendants are not entitled to judgment non obstante. After defendants had adduced their evidence that the fall of the elevator was due to the negligent attachment of the cage to the cables, plaintiff, on rebuttal, offered to prove by an expert, who examined the elevator the day after the accident, that in his opinion the elevator fell because of improper operation and improper adjustment of the brakes or safety device. Upon defendants' objection this, and other offers of similar testimony, were ruled out as not rebuttal. We think the rulings were erroneous. Judgment notwithstanding the verdict is never directed

where it appears that other evidence than that received in the trial is available and which might on another trial again result in a verdict for the same party. Even if the jury were not justified in this verdict, the testimony at hand which plaintiff offered may be amply sufficient to sustain a verdict for plaintiff.

The judgment is affirmed.