THOMSEN and others, Respondents, vs. GENNRICH, Appellant.

*January 13—February 10, 1925.*

*Appeal: Order directing sale of assets of insolvent corporation: Order directing execution of deed: Order bringing in new parties: Mortgages: Appearance by trustee.*

1. In a proceeding by the receiver of an insolvent corporation to sell its assets free and clear of all liens and incumbrances which were to attach to the proceeds of the sale, the trustee of a junior mortgage represents his *cestui que trust,* and the latter is bound by an order in the proceeding in which the trustee was a party. p. 79.

2. Where a stockholder of the corporation and a *cestui que trust* were before the court by representation, and an order of the court was entered accepting a bid made at the receiver's sale of the corporate assets and directing the receiver to carry out the sale, a copy of such order and notice thereof being served on the attorney of the stockholder, an appeal should have been taken within the time provided by statute, assuming but not deciding that such order was appealable. p. 79.

3. A subsequent order of the court, in so far as it directs the receiver to execute a deed free and clear of incumbrance, is merely administrative, its object and purpose being to carry out the provisions of the order directing a sale of the assets, and is not appealable; and in so far as it provides for the bringing in of new parties it is likewise not appealable. p. 80.

Thomsen v. Gennrich, 186 Wis. 76.

APPEAL from orders of the circuit court for Milwaukee county: E. T. FAIRCHILD, Circuit Judge. *Dismissed.*

This is an appeal by defendant *Gennrich* from two orders of the circuit court dated, respectively, March 4, 1924, and May 28, 1924.

On May 24, 1923, the defendant *Gennrich* was a stockholder of the defendant Hercules Steel Casting Company, and was also a *cestui que trustent* under a junior mortgage executed by the company. It appearing that the company was insolvent, a receiver was appointed by the court. On November 1, 1923, the receiver petitioned the court for an order authorizing and directing him to sell the assets of the company, excepting its accounts receivable, notes receivable, sums due it for stock subscriptions, and causes and rights of action in its favor. On November 2, 1923, an order was made by the court requiring the parties to the action and the stockholders and creditors of the company to show cause why the receiver should not be authorized and directed to sell said property and assets, and among other things the order also directed that notice be given to the stockholders and creditors of the company by mail. It appears from the record that the order for giving notice to stockholders and creditors was duly complied with. Thereafter, on November 14, 1923, the court made an order authorizing and directing the receiver to expose for sale all of the assets of the company above referred to, free and clear of all liens, incumbrances, and taxes, and directed that bids be invited from prospective purchasers. Notice was also directed to be given for the publication in two Milwaukee newspapers. Several bids were received by the receiver, among which the Pawling & Harnischfeger Company, a corporation, was the highest, the bid being for the sum of $127,500.

On January 28, 1924, an order was made by the court requiring the stockholders and creditors to show cause why the bid of the Pawling & Harnischfeger Company should

not be accepted and the sale executed, and directing that a copy of the receiver's report, together with a copy of such order, be mailed by the receiver to each of the stockholders and creditors. The record discloses that a copy of the order, together with a copy of the receiver's report, were duly mailed in accordance with the provisions of the order.

The order of January 28, 1924, having duly come on for a hearing, and having been heard by the court, an order was made on March 4, 1924, accepting the bid of the Pawling & Harnischfeger Company, and directing the receiver to convey to the successful purchaser the real estate and personal property authorized to be sold, free and clear of all liens, incumbrances, and taxes; that said property be transferred free and clear of all liens and incumbrances, and that such liens and incumbrances be transferred to the proceeds of the sale, and that "said sale is binding upon all the parties and upon the trustee under said deed of trust, all bondholders thereunder, the junior mortgagee, the Bankers Finance Corporation, all stockholders and creditors of said defendant Hercules Steel Casting Company, including lien claimants," etc.

A copy of the last named order, together with notice of entry thereof, was served on Mr. Wehe, as attorney for the defendant *Gennrich,* on April 7, 1924. On April 3, 1924, a petition was filed by the receiver praying that the purchaser be required to pay the balance of the purchase money and to consummate the sale. On the same day the Pawling & Harnischfeger Company petitioned the court to interplead the First Wisconsin Trust Company as trustee. These petitions were set for hearing by orders to show cause, and on April 9, 1924, a petition was filed by Francis E. McGovern praying that the *cestuis que trustent* of the trust mortgages be made parties defendant and bound by the sale. The defendant *E. B. Gennrich* and his wife, Tillie, appeared at the hearing by W. C. Wehe, their attorney, and objected to the granting of the petition of the receiver of date of April 3, 1924, and such objections were overruled by the court.

Thomsen v. Gennrich, 186 Wis. 76.

For the appellant there was a brief by *Waldemar C. Wehe* and *Leo J. Landry,* both of Milwaukee, and oral argument by *Mr. Wehe.*

For the respondents there was a brief by *Roehr & Steinmetz* of Milwaukee, and oral argument by *J. E. Roehr.*

DOERFLER, J.    Upon the hearing of the order to show cause which resulted in the making of the order of March 4, 1924, while the appellant did not personally appear, he was represented at the hearing by his trustee.    In matters of this kind the trustee represents his *cestui que trustent.    Schroeder v. Arcade Theater Co.* 175 Wis. 79, 184 N. W. 542.

A copy of this order, together with notice of entry, was served upon counsel for the appellant on April 7, 1924. Under the order last named the bid of the Pawling & Harnischfeger Company was accepted, the receiver was directed to carry out the sale according to the terms and conditions thereof, and said order provided in express terms that the property be transferred free and clear of all liens and incumbrances, and that all valid liens and incumbrances thereon be transferred to the proceeds of such sale in the respective order of preference and priority that existed prior to such sale.    The appellant therefore being before the court by representation, and a copy of the order and notice of entry thereof having been served upon counsel for the appellant on April 7, 1924, an appeal should have been taken from such order within the time provided for by statute, assuming (but not deciding) that such order is an appealable one.

Counsel for *Gennrich* argues that the court had no jurisdiction or power to make such an order, for the reason that it deprived his client and his trustee of the right of redemption of prior mortgages during the period provided for redemption by the statute.    This question has been considered and treated in *Littlejohn v. Turner,* 73 Wis. 113, 124, 40 N. W. 621, and in 34 Cyc. 320, where reference is made to other cases, under note 26.

State ex rel. Carnegie D. & F. Co. v. Beckley, 186 Wis. 80.

The order of May 28, 1924, is principally one which directs the carrying out of the sale, directs the payment of the balance of the purchase price, the delivery of the deed, etc., and, in addition thereto, it authorizes the interpleading of certain defendants.  In so far as the order directs the receiver to execute a deed free and clear of all incumbrances it is a mere administrative order, the object and purpose thereof being to carry out the provisions of the order of date of March 4, 1924, and such an order is not appealable, as was held in the case of *Ajax Rubber Co. v. Western P. Co.* 185 Wis. 74, 200 N. W. 668.  In so far as the order provides for the bringing in of new parties it is not appealable, under *Hoefer v. Milwaukee,* 155 Wis. 83, 143 N. W. 1038; *Fred Miller B. Co. v. Knebel,* 168 Wis. 587, 171 N. W. 69; *Bell L. Co. v. Northern Nat. Bank,* 171 Wis. 374, 177 N. W. 616.

The appeal from the order of March 4, 1924, not having been taken until after the expiration of more than sixty days after the service of a copy of the notice of entry of such order, and the order of May 28, 1924, not being appealable, the appeals herein must be dismissed.

*By the Court.*—Appeals dismissed.