PAULSEN, Appellant, vs. GUNDERSEN and others, Respondents.

*April 4—June 24, 1935.*

580

582

*J. Henry Bennett* of Viroqua and *Humphrey Barton* of St. Paul, Minnesota, for the appellant.

For the respondents there was a brief by *George H. Gordon, Law & Gordon* of La Crosse, attorneys, and *Chas. B. Quarles* of Milwaukee of counsel, and oral argument by *Mr. George H. Gordon* and *Mr. Quarles*.

The following opinion was filed April 30, 1935:

FAIRCHILD, J.   A new trial of this case was ordered by the court below.   As that order is to be affirmed because of prejudicial error, it is unnecessary to treat to any extent with the point contended for by the respondents, that a new trial was granted because the lower court was of the opinion that under the evidence there should be a new trial in the

interests of justice. The trial court's ruling that there is no evidence to sustain the answer to the third question cannot be sustained, because there is sufficient evidence to raise a jury question. If, however, the trial court felt that he could not give his approval to a judgment based on that finding under the evidence, and had granted a new trial in the interests of justice, the exercise of his discretion in that regard would have been controlling. *Gross Coal Co. v. Milwaukee,* 170 Wis. 467, 175 N. W. 793.

In stating his cause of action, appellant alleged that instead of performing a "simple" mastoid operation, the respondents performed "a second operation by cutting and working through plaintiff's left ear to which plaintiff had not consented, and in so doing, defendants did sever and destroy plaintiff's facial motive nerve. . . ." The trial court was of the opinion that the issues were submitted to the jury with some confusion; that the ultimate facts necessary to a complete determination of the controversy and the proper assessment of damages, if any are to be allowed, were not placed before the jury with sufficient distinctness in the special verdict.

The pleadings and evidence show that the appellant arranged with the respondents for an operation involving the mastoid region of his head. He says it was to be confined to one described as a "simple" mastoid operation as distinguished from one described as "radical." To the so-called "simple" operation he gave his consent, and there seems to be no occasion for questioning the degree of skill with which that much of the operation was performed. The controversy arises over the fact that, when the extent of the simple operation had been reached, the respondents proceeded into the field of the "radical" operation.

If the radical operation was done without the consent of the patient, either express or implied, or because of an emergency recognized in the law as the equivalent of implied

consent, then the operator was guilty of an assault and would be responsible for damages resulting therefrom. We agree with the learned trial judge in his conclusion that the controlling questions were ineptly stated with a result that there is a lack of findings by the jury on which to base a valid judgment as to the amount of damages resulting from the extension of treatment or the operation constituting the so-called second or "radical" one. The error is in not submitting in some adequate form a question limiting the assessment of damages so as to exclude the expense, pain, and natural or necessary results of the simple operation to which the patient concededly submitted from the damages assessed. In order to have a fair assessment of the damages, the part of the operation consented to cannot be included in the amount of damages assessable because of the performance of the second operation. While it may be difficult to draw an exact line between the extent of the "simple" operation and the beginning of the "radical" operation under the circumstances of this case, the assessment of damages must nevertheless be made with that distinction in mind. This error was of sufficient gravity to warrant the granting of a new trial, and sustains the ruling.

The lower court was also of the opinion that confusion resulted from the formation of the special verdict. Two distinct causes of action were submitted to the jury as though they were part of the same cause of action. In his opinion the court suggested, and we agree, that upon a retrial of this case an inquiry as to the existence of appellant's consent might well be the first question of a special verdict, and, if answered in the negative, then to have the jury proceed with the assessment of damages arising from the specific operation which was performed without the consent of the plaintiff. Should the fact be that consent was given, then the jury should be asked to determine whether the proper skill was used by the surgeon operating. Under the claim that

the operation was performed without consent, the appellant has the burden of proving by a clear preponderance of the, evidence that such consent was lacking. Whether the errors committed with respect to these matters are prejudicial, we have not considered because of the conclusion reached in regard to the question of damages.

We agree with the trial court that the testimony of Dr. McCoy, a resident of Des Moines, Iowa, was admissible under the provisions of sec. 147.14 (2), Stats. That portion of the statute applicable in this instance reads as follows:

". . . Practitioners in medicine, surgery or osteopathy licensed in other states may testify as experts in this state when such testimony is necessary to establish the rights of citizens or residents of this state in a judicial proceeding and expert testimony of licensed practitioners of this state sufficient for the purpose is not available."

If that statute is to have any value whatsoever, it must surely apply to a situation such as that disclosed at the trial of this case. When a party has shown the taking of adequate steps to secure the aid of Wisconsin doctors, and that he has been unable to secure it, he may call as a witness an expert from without the state. It was for the court to determine whether or not the appellant had in good faith attempted to secure the aid of Wisconsin doctors, and, having so determined, in the absence of a showing of an abuse of discretion, the determination is final.

Appellant urges that the order granting a new trial has no validity because judgment ordered on May 12, 1934, was entered on May 19th, and neither motion nor order was made vacating the judgment before the order granting a new trial on July 12th. The argument on this point is based on *Whitney v. Karner,* 44 Wis. 563, 565, wherein the court held that after entry of judgment a motion to set aside the verdict and grant a new trial should not be entertained unless joined with a motion to vacate the judgment. The ruling of

the trial court in this case is supported by a record readily distinguished from the *Whitney Case*. In that case, the judgment was entered upon the verdict in favor of defendant on August 17, 1875, and notice of entry served on the 20th. A motion to set aside the verdict and for a new trial was dated August 18th, and served August 19th. The defendant's attorney served written notice that he would object to the hearing of the motion on the ground, amongst others, that the judgment had been entered in favor of defendant before the service of notice of motion to set aside the verdict and for a new trial. In the present case, the record is substantially different. After verdict, a motion for new trial was made and heard on May 12, 1934. Upon the hearing, the court denied the motion for a new trial, and ordered judgment for appellant. The clerk entered judgment on May 19th. No notice of entry of judgment was ever served on respondents. On June 7th, the court granted permission to respondents to present further arguments on the motion for new trial. The reargument was heard on June 25th. Appellant was present and requested leave to file briefs. As the statutory time for hearing motions after verdict terminates sixty days after its rendition, the court extended the period to July 30th. Appellant filed his brief on July 9th, at which time further argument was presented by both counsel. The court's memorandum decision was handed down on July 12th. Throughout these entire proceedings there was no attempt to present the judgment as a bar to further action in the matter of granting a new trial. The presumption is that the proceedings were directed to an effective order should one be made. In a somewhat similar situation this court said: "We think it appears that the trial court treated the motion to set aside the verdict and grant a new trial as in effect a motion to vacate the judgment, and that fact sufficiently appears from the language of the trial court." *Galst v. American Ladder Co.* 165 Wis. 307, 162 N. W. 319.

Appellant argues that the order granting a new trial was not handed down within sixty days after verdict, and, as there was no order extending the time for cause, the trial court was without power to disturb the verdict. The extension of time ordered by the lower court definitely comes within the requirements of sec. 270.49 (1), Stats. The extension was ordered to enable appellant to file his brief and to give the court time to examine the briefs of counsel and write his opinion.

The claim that the court's first order denying a new trial is *res adjudicata* as to any subsequent order on the same motion cannot be sustained. In the case of *First Nat. Bank v. Kromer,* 126 Wis. 436, 105 N. W. 823, this court said:

"The trial court having once judicially closed a matter, after giving such thought thereto that from the standpoint of the judge a reconsideration would not be liable to result differently, is well warranted in refusing to go over the matter a second time, though he still has full control of the litigation but the doctrine of *res adjudicata* has no application to such a situation."

"A trial court under our system, so long as a case before it has not been closed by a final judgment, or if closed the time has not elapsed within which such court still has control thereof, may, upon a proper application therefor, correct errors of its own commission."

The trial court was doubtful as to the correctness of his charge and of the submission of certain questions to the jury. They were sufficient to warrant a rehearing on the motion for new trial.

*By the Court.*—Order affirmed, and cause remanded for further proceedings according to law.

A motion to amend the mandate was denied, with $25 costs, on June 24, 1935.