STATE EX REL. C. W. FISCHER FURNITURE COMPANY and others, Petitioners, vs. DETLING, Circuit Judge, Respondent.

*April 13—May 17, 1938.*

*Karon & Weinberg* of Milwaukee, for the petitioners.

*William B. Collins* of Milwaukee, and *Grady, Farnsworth & Walker* of Portage, for the respondent.

PER CURIAM. On March 26, 1938, C. W. Fischer Furniture Company, W. L. Gold, Ray T. McCann, and Wm. F. Schanen filed a petition in this court, in which leave was asked to bring an original action. At that time there were pending in this court appeals from four orders of the circuit court for Sheboygan county. The orders appealed from were made in two actions in which Old Port Brewing Corporation and Mabel I. Labahn, were plaintiffs, and C. W. Fischer Furniture Company, W. L. Gold, Ray T. McCann, and Wm. F. Schanen were defendants, and Herbert C. Labahn, an impleaded defendant, and in which C. W. Fischer Furniture Company was plaintiff, Herbert C. Labahn was defendant, and North Avenue State Bank and Port Washington State Bank were garnishee defendants. Those appeals were dismissed this day because the orders were not appealable. *Old Port Brewing Corp. v. C. W. Fischer F. Co., ante,* p. 62, 279 N. W. 613.

The petitioners, no doubt, were cognizant of the decisions of this court which hold that orders opening up and setting aside default judgments are not appealable, and therefore sought to invoke the original jurisdiction of this court to the end that they might raise the same questions that were argued in their brief submitted on the appeals from the orders mentioned.

The petitioners represent that the court below was without authority to vacate and set aside its prior orders which denied similar motions unconditionally because such prior orders were *res adjudicata.* There are several early cases which support that representation. *Kabe v. The Vessel "Eagle,"* 25 Wis. 108, 109; *Branger v. Buttrick,* 28 Wis.

450, 454; *Moll v. Benzkler,* 28 Wis. 611; *Hoppe v. Chicago, M. & St. P. R. Co.* 61 Wis. 357, 367, 21 N. W. 227; *Dick v. Williams,* 87 Wis. 651, 58 N. W. 1029.

In the *Kabe Case, supra,* it was said:

"The first order was not made without prejudice to a new motion *nor was there any leave obtained to renew the motion."*

In the *Hoppe Case, supra,* the court said:

"The motion was denied unconditionally, and no leave was given or asked to renew it. This was a complete bar to the second motion, and the same was properly denied."

In the *Branger Case, supra,* the court said:

"It may be the misfortune of the defendant Hill that his attorneys should have moved for a new trial at the term in April, or that, having moved, and the motion proving unsuccessful, *they should not have applied to, and obtained leave from the court at that time to renew the motion, making such permission a part of the order."*

It appears from the record on the appeals from the orders that leave to make the second motions was granted, and, before setting them aside, the court permitted the former orders to be amended so as to permit a second application to vacate the judgments upon such terms as may be just, to be made.

In several of our later cases it was held that orders which grant new trials after orders had been made denying such motions were not *res adjudicata,* and therefore did not render the court powerless upon a further showing, and in its sound discretion, to set aside its prior orders.

In *First Nat. Bank v. Kromer,* 126 Wis. 436, 440, 105 N. W. 823, it was said:

"A trial court under our system, so long as a case before it has not been closed by a final judgment, or if closed the time has not elapsed within which such court still has control thereof, may, upon a proper application therefor, correct er-

rors of its own commission. . . . Of course, the trial court having once judicially closed a matter, after giving such thought thereto that from the standpoint of the judge a reconsideration would not be liable to result differently, is well warranted in refusing to go over the matter a second time, though he still has full control of the litigation, but the doctrine of *res adjudicata* has no application to such a situation."

See also *Paulsen v. Gundersen,* 218 Wis. 578, 587, 260 N. W. 448, where an order granting a new trial upon a second motion was approved. It was there said:

"The claim that the court's first order denying a new trial is *res adjudicata* as to any subsequent order on the same motion cannot be sustained."

The petitioners next allege that, regardless of whether the court had the power to set aside its prior orders, it abused its power in so doing. We have carefully examined the record with the result that we are of the opinion that it cannot be said, under all of the circumstances, that the court in any way abused its power or exercised an arbitrary or nonpermissible discretion.

In exercising superintending control of the other courts of this state, this court, in *Petition of Phelan,* 225 Wis. 314, 321, 274 N. W. 411, after reviewing its prior decisions, said:

"From those cases and the other cases cited therein, it is clear that this court in exercising its superintending control will not use that power lightly. It will not be exercised when the remedy by appeal or writ of error is substantially adequate. It will not be permitted to perform the office of an appeal. It will be used to prevent irreparable mischief, great, extraordinary, or exceptional hardship, and great burdens in the form of expenses. The court will exercise the power upon sufficient occasion, especially where the fundamental rights of a party or parties are ignored. The power will not be exercised to control the discretion of another court."

We perceive nothing in this controversy which calls for the exercise of our superintending control. The actions pending in the circuit court ought not reasonably to require more than three or four days to try, and such a trial with its attendant expenses cannot be regarded as one which involves "great, extraordinary, or exceptional hardship" or one which will put upon the petitioners "great burdens in the form of expenses."

The petition is denied.