WILL OF ALLIS: KUDER and another, Trust Remainder-
men, Appellants, v. FIRST WISCONSIN TRUST COM-
PANY, Trustee, Respondent.

*No. 264. Argued March 31, 1971.—Decided May 4, 1971.*
(Also reported in 186 N. W. 2d 311.)

For the appellants there was a brief by *Steve Enich* and *Michael P. Stupar*, both of Milwaukee, and oral argument by *Mr. Enich*.

For the respondent there was a brief by *Shea, Hoyt, Greene, Randall & Meissner*, attorneys, and *Ralph M. Hoyt* of counsel, all of Milwaukee, and oral argument by *Ralph M. Hoyt*.

CONNOR T. HANSEN, J. Mary S. Allis died on December 17, 1923, and by her will left the residue of her estate in trust, with income to her daughter Elizabeth Allis Kuder, for life; and the remainder to her daughter's children, Paul M. Kuder and Elizabeth A. Braithwaite, the appellants in this action. The will names the First Wisconsin Trust Company, respondent herein, as executor and trustee. Appellants became twenty-one years of age on September 21, 1938, and February 24, 1940, respectively.

Elizabeth Allis Kuder Sawyer, the life beneficiary of the trust, died on May 20, 1965. Shortly thereafter, the court approved the account of the trustee and directed distribution of the trust assets to the remaindermen, the appellants in this appeal, and the termination of the trust. Following the distribution of the trust

assets and on November 15, 1965, the court entered an order terminating the trust and discharging the trustee from further liability. All of these proceedings were had pursuant to due notice to the appellants.

It also appears that orders approving the accounts of the trustee for successive periods were entered on November 26, 1946, June 22, 1953, and September 11, 1962, after due notice to the appellants as remaindermen, and a hearing thereon, and that on at least one occasion one of the remaindermen appeared with counsel.

On May 21, 1968, three years after their mother's death and approximately two and one-half years after the trust had been terminated and the trustee discharged, the appellants procured an order requiring the trustee to show cause why the final decree and judgment in the estate should not be vacated and reopened, and why the order approving the accounts and discharging the trustee should not be vacated. The order to show cause was supported by an affidavit alleging fraudulent conduct on the part of the trustee.

On February 11, 1969, the trial court signed an order dismissing the order to show cause proceedings on the grounds of laches by the remaindermen. The order of the trial court was supported by a written decision.

On April 30, 1969, the remaindermen served notice of appeal. This court dismissed the appeal on the ground that it was not taken within the time prescribed by law.[1]

On January 21, 1970, and within one year from the date of the order dismissing the first order to show cause, the remaindermen procured another order to show cause. The order denying the January 21, 1970 order to show cause is the subject of this appeal. This second order to show cause also directed the trustee to show cause why the final decree and judgment should

---

[1] Sec. 324.04, Stats.

not be vacated and reopened and the orders approving the accounts and discharging the trustee vacated.

The second order to show cause was supported by an affidavit alleging the same fraudulent conduct on the part of the trustee as alleged in the affidavit in support of the prior order to show cause. The affidavit also alleged that the dismissal of the prior order to show cause dated January 29, 1969, was procured by fraud upon the court, and that the trial court's decision on the first order to show cause was in error.

The alleged new grounds for relief in the affidavit in support of the second order to show cause are a series of allegations attempting to establish that the order dismissing the first order to show cause was procured by fraud upon the court. The allegations recite: (1) That in the affidavit of the vice-president of the trustee in support of the trustee's motion to dismiss the first order to show cause, it was alleged that all persons named as participants in the various transactions, which were the subject of the action, had since died; and that their testimony was important and essential to an inquiry into their conduct with respect to the transactions complained of; (2) that after entry of the order dismissing the first order to show cause, the vice-president of the trustee made certain statements which appeared in the newspapers on January 31, 1969, to the effect that the bank regretted that the allegations made against it could not have been heard by the court so that every allegation could have been proven to be false, and that " '. . . "[h]ad the matter not been decided on strict legal grounds, we would have proven that each of the allegations was false and the result would have been the same." ' "; (3) that these statements show that the element of prejudice, necessary to make laches a defense, was lacking; and (4) that the prior allegations of prejudice were false and made with the express intent of deceiving the court.

However, the trustee in the affidavit in support of the motion to dismiss the first order to show cause did not allege that a defense of the charge of fraudulent conduct was made impossible by the delay of the remaindermen, but only that the trustee would be seriously prejudiced in defending that charge because of the death of material witnesses. The trial court so found, stating:

"The statement attributed to Edwin M. Greenthal is not inconsistent with the position of the trustee that the defense was made more difficult because of the long delay by Elizabeth A. Braithwaite and Paul M. Kuder in requesting the relief sought."

Not only was the statement made after dismissal of the first order to show cause not inconsistent with the trustee's prior position that it was seriously prejudiced by the remaindermen's delay in defending the charges, but it is difficult to imagine how the optimistic statements could be taken as evidence that the prior assertions of prejudice were fraudulently made with the intention of deceiving the court.

In arguing this issue on appeal, it appears the appellants are endeavoring to argue the question of whether the trial court made the proper determination when it dismissed the first order to show cause, which was dismissed on the basis of laches. However, the question of laches as a bar was previously decided by the trial court in its order of February 11, 1969. Any error of the court in this regard should have been raised in an appeal from that order and may not now be raised. The allegations concerning the published statements subsequent to the trial court's decision to dismiss the first order to show cause must be considered as an attempt to prove that the order of dismissal was procured by fraud upon the trial court.

We conclude that the language contained in the trial court's decision and order of June 30, 1970, constitutes

a determination that the order dismissing the first order to show cause was not procured by fraud upon the court.

The trial court, in part, disposed of the second order to show cause on the ground of res judicata. We are of the opinion that the trial court could have reconsidered its first order of dismissal under authority of *First Nat. Bank v. Kromer* (1905), 126 Wis. 436, 105 N. W. 823; *Paulsen v. Gundersen* (1935), 218 Wis. 578, 260 N. W. 448; *State ex rel. C. W. Fischer Furniture Co. v. Detling* (1938), 228 Wis. 68, 279 N. W. 616.

In *First Nat. Bank v. Kromer, supra,* page 440, the court stated:

". . . The learned judge's idea that such orders, or one of them, left his court without jurisdiction to review any matter involved and decided in the prior proceedings is erroneous. A trial court under our system, so long as a case before it has not been closed by a final judgment, or if closed the time has not elapsed within which such court still has control thereof, may, upon a proper application therefor, correct errors of its own commission. . . . Of course, the trial court having once judicially closed a matter, after giving such thought thereto that from the standpoint of the judge a reconsideration would not be liable to result differently, is well warranted in refusing to go over the matter a second time, though he still has full control of the litigation, but the doctrine of *res adjudicata* has no application to such a situation."

Once having determined that the order dismissing the first order to show cause was not procured by fraud upon the trial court, we are of the opinion that any further attempted appeal is in fact an attempt to appeal from the order dismissing the first order to show cause, which appeal has heretofore been dismissed by this court as being untimely.

In *Fred Miller Brewing Co. v. Knebel* (1919), 168 Wis. 587–589, 171 N. W. 69, this court stated:

"For more than thirty days after service upon him of notice of the entry of the order of March 6, 1918, no attempt was made by the receiver to give any notice of intention to appeal therefrom. By the order to show cause of April 24th he sought to have reviewed and modified the identical matter disposed of by the court by its order of March 6th, and the substance and effect of such latter order was no more than a repetition of that which had been done on March 6th. *The first order, therefore, being in force and unreversed, concluded and determined the subject matter of the second order. Hoefer v. Milwaukee, 155 Wis. 83, 143 N. W. 1038; Erin Prairie v. Wells, 158 Wis. 140, 147 N. W. 374, 148 N. W. 1095.*

"*Since neither the consent of parties nor action of the court can extend the statutory time for the taking of an appeal . . . such a result cannot be reached by the indirect method of again moving for the same relief that was refused in the prior order.* The order of April 30th not being an appealable one and the time for appealing from the order of March 6th having expired, there is no appealable order before us. . . ." (Emphasis added.) *See also: Hogensen v. Prahl* (1926), 190 Wis. 214, 208 N. W. 867.

No appeal was taken from the prior order of dismissal. Except as to the allegations that the dismissal of the first order to show cause was procured by fraud, the present appeal is from an order denying the same relief denied in the prior order to show cause. The relief sought is based upon substantially the same grounds. Therefore, the order dismissing the second order to show cause is not appealable.

*By the Court.*—Order affirmed.