SUTTON, Appellant, vs. CHICAGO, ST. PAUL, MINNEAPOLIS & OMAHA RAILWAY COMPANY, Respondent,

*May 14—June 19, 1902.*

*Dismissal for want of prosecution after new trial ordered: Waiver: Question of fact: Appealable orders.*

1. Defendant moved to dismiss the case because it had not been brought to trial within the year limited by sec. 3072, Stats. 1898. Plaintiff moved for an enlargement of such time. The affidavits of the respective parties were conflicting as to an alleged waiver by defendant. *Held,* that there was no error in adopting defendant's statement of the facts and dismissing the case.
2. Neither an order directing judgment of dismissal because the case has not been brought to trial within the year limited by sec. 3072, Stats. 1898, nor an order refusing to extend that time, is appealable.

APPEAL from a judgment and orders of the circuit court for Monroe county: O. B. WYMAN, Circuit Judge. *Judgment affirmed; appeal from orders dismissed.*

A former judgment in this case was reversed upon appeal to this court, and a new trial ordered, on January 11, 1898.

98 Wis. 157, 73 N. W. 993. The costs were paid and the record remitted within sixty days thereafter. Shortly prior to the October, 1898, term of the circuit court for Monroe county, an interview took place between the plaintiff, acting as his own attorney, and the assistant solicitor for the defendant, the plaintiff's version of which might have justified an understanding that there was an agreement that the case should not be noticed or tried at that term. This version is contradicted and another given by Mr. Luse, the defendant's attorney, supported by memoranda, made at the time, entirely in conflict with this view. The case was not noticed at that term. About January 21, 1899, another interview took place, as to the substance of which the parties are also in direct conflict; the plaintiff claiming to have notified defendant's attorney of his purpose to notice and try the case at the then ensuing March term, and that the defendant's attorney substantially assented thereto. Defendant's attorney denies any such conversation, and asserts that all that took place was an attempt or offer to serve upon him a notice of trial, which he refused to accept, stating as a ground thereof certain conduct of the plaintiff which led him to refuse any admission or waivers. On March 21, 1899,—more than a year after the judgment of reversal in the supreme court,—the defendant moved, upon proper notice, to dismiss the case for the reason that it had not been brought to trial within the year required by sec. 3072, Stats. 1898. Plaintiff at the same time moved for an order extending and enlarging the time within which the action was required by law to be brought to trial. After hearing both motions the court entered an order denying plaintiff's motion, and ordering that the action and complaint be dismissed, and that judgment of dismissal be entered. Such judgment was entered, with costs, in favor of the defendant and against the plaintiff. The plaintiff appeals from that judgment, from the order of March 21st dismissing the

action, and from the order made the same day denying plaintiff's motion to enlarge time for bringing the action to trial.

For the appellant there were briefs by *J. J. Sutton, in pro. per.,* and *Paul D. Durant,* of counsel, and oral argument by *Mr. Durant.*

For the respondent there was a brief by *H. L. Humphrey* and *Nelson J. Wilcox,* attorneys, and *Pierce Butler,* of counsel, and oral argument by *L. K. Luse.*

DODGE, J. We need not discuss what acts by defendant might constitute waiver of its right to dismissal after expiration of the one year without trial, limited by sec. 3072, Stats. 1898, nor whether the circuit court has authority to extend that period. See *Christianson v. Pioneer F. Co.* 101 Wis. 343, 77 N. W. 174, 917; *State ex rel. Mitchell v. Johnson,* 105 Wis. 90, 80 N. W. 1104. It suffices to dispose of the present appeal that, upon the facts as set forth by defendant's affidavits, there could be predicated neither waiver on its part nor any error on the part of the circuit court in refusing to enlarge the statutory period. That state of facts was, at most, placed in conflict by plaintiff's affidavits, so that decision of the trial court thereon must control. In adopting such statement of facts, no error was committed. Neither the order directing judgment of dismissal, nor that refusing to extend time for trial, is appealable, for neither prevents a judgment. Stats. 1898, sec. 3069, subd. 1.

*By the Court.*— The appeals from orders are dismissed. The judgment of the circuit court is affirmed.