PUTNEY, Appellant, vs. MILWAUKEE LIGHT, HEAT & TRACTION COMPANY, Respondent.

*December 18, 1905—January 9, 1906.*

*Appealable order: Condemnation proceedings: Dismissal of appeal: Opinion on merits.*

1. An order denying a motion to dismiss an appeal from the award of commissioners in condemnation proceedings does not in effect determine the action and prevent a judgment from which an appeal might be taken, and is therefore not appealable under subd. 1, sec. 3069, Stats. 1898.

Putney v. Milwaukee Light, Heat & Traction Co. 126 Wis. 658.

2. This court will not, at least where no peculiar necessity therefor exists, express its opinion upon the merits of a case in which there is no valid appeal.

APPEAL from an order of the circuit court for Waukesha county: JAMES J. DICK, Circuit Judge. *Dismissed.*

In proceedings instituted by respondent for the condemnation of certain lands required for its right of way the commissioners appointed to make the appraisal, in due form of law, awarded to *Roy W. Putney* as owner of the fee $140, that to include the inchoate dower right of his wife; to A. S. Putney six cents; and to J. W. Putney six cents. Respondent appealed to the circuit court from the award to *Roy W. Putney.* He moved such court to dismiss the appeal because it was not taken from the gross award. The motion was denied, and from the order accordingly entered this appeal was taken.

For the appellant there was a brief by *Tullar & Lockney,* and oral argument by *D. S. Tullar.*

For the respondent there was a brief by *Ryan, Merton & Newbury,* and oral argument by *M. A. Jacobson.*

MARSHALL, J. The only part of the appeal statute in any way referring to orders of the sort here involved is subd. 1, sec. 3069, Stats. 1898, providing for an appeal in case of "an order affecting a substantial right, made in any action, when such order in effect determines the action and prevents a judgment from which an appeal might be taken." The order here does not in effect determine the action and prevent a judgment from which an appeal might be taken, hence it is not appealable and the attempted appeal did not confer any jurisdiction on this court. *Mills v. Conley,* 110 Wis. 525, 86 N. W. 203; *Sutton v. C., St. P., M. & O. R. Co.* 114 Wis. 647, 649, 91 N. W. 121; *Maxon v. Gates,* 118 Wis. 238, 239, 95 N. W. 92; *Deuster v. Zillmer,* 119 Wis. 402, 97 N. W. 31.

The learned counsel for appellant, before the cause was called for argument, came to appreciate the predicament above

indicated, but requested the court to express an opinion upon the merits of the case before dismissing the appeal because of the importance thereof in view of numerous pending actions, citing as justification for so doing instances where that course was adopted. The practice of rendering an opinion in a case where there is no valid appeal, where in reality the cause has not yet reached this court, is of such doubtful propriety that the very few instances where that has been done cannot be regarded as precedents to be followed, especially in the absence of some peculiar necessity therefor. There does not seem to be any such necessity in this instance,—no necessity of such overpowering character, if there could be one, really justifying the court in speaking outside its jurisdiction.

*By the Court.*—The appeal is dismissed.