HASSLER and wife, Respondents, vs. SHEETS, Appellant.

*May 3—May 27, 1919.*

*Landlord and tenant: Unlawful detainer: Tender of rent and costs: Dismissal: Appeal: Order or judgment? Review: Order of dismissal.*

1. A direction of the civil court of Milwaukee county, in an action for unlawful detainer, that "this action be and the same is dismissed," though in form an order, is in fact and in effect a judgment, and is appealable, being an order of dismissal as distinguished from an order directing judgment of dismissal.
2. Under secs. 3364, 3366, Stats. 1917, a tender by defendant, in an unlawful detainer action, of the rent due and costs of the action, did not entitle him to a dismissal of the action, but by so doing he admitted the allegations of the complaint.

APPEAL from a judgment and order of the circuit court for Milwaukee county: LAWRENCE W. HALSEY, Circuit Judge. *Affirmed.*

Plaintiffs began an action of unlawful detainer in the civil court of Milwaukee county. On the return day the defendant appeared and tendered $28 rent due and the costs of the action taxed at $1.60. The court made the following order: "Thereupon the court orders that this action be and the same is dismissed without costs." Plaintiffs excepted to the ruling of the court. There was no answer, no plea accompanied the tender, and there was no trial. The plaintiffs appealed to the circuit court. Upon the record the circuit court reversed the judgment of the civil court, denied the defendant's motion to dismiss the appeal, treated the allegations of the complaint as admitted, and rendered judgment of restitution in favor of the plaintiffs and for costs in the sum of $33.50, the money tendered having been paid to the clerk of the court. From the judgment and order of the circuit court the defendant appeals.

The cause was submitted for the appellant on the brief of *J. E. Wildish* of Milwaukee, and for the respondents on that of *Lorenz & Lorenz* of Milwaukee.

Rosenberry, J. While the direction of the civil court is in form an order, it is in fact and in effect a judgment, and an appeal may be taken therefrom. *Spehn v. Huebschen,* 83 Wis. 313, 53 N. W. 550. An order dismissing an action is to be distinguished from an order directing judgment of dismissal. *Sutton v. C., St. P., M. & O. R. Co.* 114 Wis. 647, 91 N. W. 121. The civil court was erroneously of the opinion that payment of the rent due and tender of the costs of action entitled the defendant to a dismissal of the action in unlawful detainer. Proceedings for unlawful detainer are prescribed by ch. 145, Stats. 1917. Sec. 3364 provides:

"After the return of the summons served as above provided, and at the time and place named therein, if the defendant appear he may answer the complaint; and all matters in excuse, justification or avoidance of the allegations of the complaint must be answered specially; and thereupon the

justice shall proceed to hear and determine the action unless he shall adjourn the trial as provided in the next section."

Sec. 3366 provides:

"If upon the trial of any such action the justice or jury shall find the defendant or any of several defendants guilty of the allegations in the complaint the justice shall thereupon enter judgment for the plaintiff to have restitution of the premises, and tax the costs for the plaintiff, and when the action is brought under the provisions of section 3360 shall impose a fine," etc.

The civil court should have proceeded with the trial and awarded judgment as provided by law. In this case the defendant answered none of the allegations of the complaint specially, but by tendering the amount of the rent admitted the allegations thereof to be true. Upon the appeal the circuit court so treated the matter and properly awarded the plaintiffs judgment of restitution of the premises with costs. The judgment of the circuit court is therefore right.

*By the Court.*—Judgment affirmed.