ESTATE OF MCLEAN: MCLEAN, Appellant, vs. CARMEN, Respondent.

*March 10—April 6, 1926.*

*Executors and administrators: Appeals from county court: By personal representative: By other party if executor declines to appeal: Time within which appeal lies as of right: Claims against decedents: Evidence: Sufficiency.*

1. Where an executor or administrator has not appealed from a judgment allowing a claim against the estate of decedent, it must be conclusively presumed, on appeal by another interested party, that the executor did not intend to appeal.  p. 569.
2. Under sec. 324.09, Stats., granting to any person interested in an estate the right to appeal from the allowance of a claim where the executor or administrator declines so to do, the absolute right of appeal must be exercised within sixty days under sec. 324.04, notwithstanding the county court, under sec. 324.05, has the power to authorize an appeal after expiration of the sixty days; and an appeal by an heir within sixty days after a judgment allowing a claim against an estate is not premature, on the theory that it could not be known whether the administratrix would appeal until the expiration of the sixty-day period.  pp. 569, 570.
3. On a hearing on a claim against the estate of decedent, evidence which showed nothing more than a physical delivery of moneys by the claimant to the decedent, and which failed to show the relation of debtor and creditor, is insufficient to support a judgment for claimant.  p. 570.
4. Though the evidence was insufficient to support a judgment for claimant, it is *held,* in view of the summary manner in which the proof was cut off by the court and the further fact that appellant asked for a rehearing on the claim, a rehearing should be granted and claimant given an opportunity to prove her claim by competent evidence.  p. 570.

APPEAL from a judgment of the county court of Milwaukee county: JOHN C. KAREL, Judge.  *Reversed.*

For the appellant there was a brief by *Bottum, Hudnall, Lecher & McNamara,* and oral argument by *Herman E. Friedrich,* all of Milwaukee.

For the respondent there was a brief by *Houghton, Neelen & Houghton* of Milwaukee, and oral argument by *Albert B. Houghton.*

Owen, J.    This is an appeal from a judgment allowing a claim against the estate of Mary McLean, deceased, and from an order denying a motion to reopen the hearing on said claim.

*Elsie Carmen,* a sister of the deceased, filed a claim against her estate for $1,000.    A hearing was had thereon, and the claim was amended and allowed at $1,200.    The administratrix declined to appeal, whereupon *George R. McLean,* the husband and sole heir at law of the deceased, appealed. The respondent moves to dismiss the appeal because it was taken within sixty days after the entry of the judgment and order.

By sec. 324.04, Stats., the time within which an appeal may be taken from an order or judgment of the county court is limited to sixty days.    By sec. 324.05 it is provided that the county court may allow an appeal to be taken after the expiration of the sixty days if the aggrieved party has failed to take the appeal within sixty days without fault on his part, if it shall appear to the county court that justice requires a revision of the case.    By sec. 324.09 it is provided:

"When an executor or administrator declines to appeal from the allowance of any claim against the estate he represents, in a case where an appeal may be taken, any person interested in such estate as creditor, devisee, legatee or heir may appeal from such allowance in the same manner as the executor or administrator might have done."

It is contended that it cannot be known whether the executor or administrator will appeal until after the expiration of sixty days, and that therefore an appeal taken within sixty days by one other than the administrator is premature.    This section grants to the person therein named the absolute right

of appeal. That right must be exercised within sixty days. Even though the county court has power to authorize an appeal under certain circumstances after the expiration of sixty days, the absolute right of appeal is lost unless taken within sixty days. To construe this statute as authorizing an appeal on the part of an aggrieved person other than the administrator or executor only after the expiration of the sixty-day period is to extend to such person the right of appeal by virtue of the grace or discretion of the county court. It is clear that the legislative purpose was to grant an absolute right of appeal to the parties therein named. That must be exercised within sixty days. The statute would be more definite, and perhaps more scientific, if some method was provided by which it could be made a matter of record whether the executor or administrator intended to appeal. However, where as here the executor or administrator has not appealed, it must be conclusively presumed that the executor or administrator did not intend to appeal.

The case of *Groner v. Hield,* 22 Wis. 200, is cited in support of the contention that an appeal taken within sixty days by one other than the executor or administrator is premature. That case does not so hold. The appeal in that case was not taken until after the expiration of sixty days, and then it was authorized by the court. It was urged in that case that it could not be known whether the administrator declined to appeal without an express demand and refusal. The court held that the expiration of the statutory time to appeal without such action on the part of the administrator constituted sufficient evidence that he declined to appeal. We hold that the appeal was not prematurely taken and that it should not be dismissed.

The evidence offered by the claimant in support of this claim was exceedingly meager and afforded no support whatever for the judgment allowing the claim. The claimant called as a witness the appellant, *George R. McLean,* and he was shown a receipt signed by him reading as follows:

"This is to certify that I received $1,200 as payment for a motor truck from Mrs. George R. McLean."

He testified that he got this money from his wife and that she got it from the claimant. He further testified that the money was loaned by the claimant to the brother of the claimant and the deceased, to enable the brother to enter into partnership with the witness *George R. McLean.* The court did not permit the witness to enter into a full explanation of the transaction, and summarily closed the inquiry in the following language:

"The only question for the court to determine this morning is this: Did *Mrs. Carmen* turn over $1,200 to Mrs. McLean, and according to that written evidence which is signed by you the money was turned over. There is nothing for the court to do under the circumstances, with the testimony on the part of *Mr. McLean,* without putting on any one else, but to allow this claim in the sum of $1,200."

The court must have been in error concerning the probative value of the receipt executed by *Mr. McLean* to Mrs. McLean. The testimony showed nothing more than a physical delivery of $1,200 by *Mrs. Carmen* to Mrs. McLean. It fails utterly to show that the relation of debtor and creditor arose between *Mrs. Carmen* and Mrs. McLean. What evidence there was in the case tended to show that the transaction amounted to a loan of $1,200 by *Mrs. Carmen* to her brother for the purpose of enabling him to enter into partnership with *Mr. McLean.* While the record does not disclose evidence sufficient to support the judgment, in view of the summary manner in which the proof was cut off by the court, and in view of the further fact that appellant asks for a rehearing, we have reached the conclusion that a rehearing should be granted and claimant given an opportunity to prove her claim by competent evidence, if possible.

*By the Court.*—Judgment reversed, and cause remanded for a further hearing.