PLANKINTON BUILDING PROPERTIES, INC., Respondent, vs. HURLEY-REILLY COMPANY, Appellant.

*February 5—March 5, 1929.*

*Maurice A. McCabe* and *W. H. Churchill*, both of Milwaukee, for the appellant.

*Bloodgood, Kemper & Bloodgood* and *Albert K. Stebbins*, all of Milwaukee, for the respondent.

DOERFLER, J.   The action is one for unlawful detainer, begun in the civil court of Milwaukee county. The defendant served and filed an answer, and the cause came on for hearing on the 17th day of October, 1928. The defendant then objected to the admission of any evidence, upon the following grounds, to wit:

"First. That the complaint does not state facts sufficient to constitute a cause of action; second, that the complaint contains no cause of action; third, that the court has no jurisdiction of the person of the defendant; and fourth, that the court has no jurisdiction of the subject matter of the action."

The objections of the defendant so interposed constitute what is known in the law as a demurrer *ore tenus*. The following appears from the certified transcript of the docket of the civil court, dated October 19, 1928:

"At 9:45 a. m. case called before Branch No. 1. Demurrer argued. Thereupon the court being duly advised in the premises sustains the demurrer *ore tenus* on the following grounds: First, that the complaint does not state facts sufficient to constitute a cause of action; second, that the complaint contains no cause of action; and third, that the court has no jurisdiction of the subject matter of the action.

"October 19. Plaintiff's notice of appeal from order sustaining defendant's demurrer *ore tenus* to plaintiff's complaint and dismissing complaint, with affidavit of good faith, together with undertaking on appeal. . . . Appellant pays $6 to apply on appeal fees. . . ."

Plaintiff's notice of appeal states that the appeal is taken "from the judgment docketed in the above entitled matter . . . sustaining the defendant's demurrer *ore tenus* to the plaintiff's complaint and dismissing said complaint. . . ." The undertaking on appeal also refers to a "judgment sustaining the demurrer *ore tenus* to the plaintiff's complaint herein and dismissing said complaint."

The matter having come on for hearing in the circuit court for Milwaukee county before that branch thereof pre-

sided over by the Honorable OTTO BREIDENBACH, Judge, and having been argued by the respective parties, the court filed a written opinion, in which opinion the following language appears: "Appeal from order of the civil court sustaining the demurrer *ore tenus* to the complaint." After treating what appeared to the parties and the court to be the issue involved in the case, the circuit court's opinion ends with the following language: "The order of the civil court sustaining defendant's demurrer *ore tenus* to the complaint must be overruled with ten dollars costs on motion. Let an order be presented in accordance herewith."

The order entered, among other things, recites:

"The appeal from the order of the civil court of Milwaukee county in the above entitled matter, dated October 9, 1928, sustaining the demurrer *ore tenus* to the plaintiff's complaint herein, having come on duly to be heard . . . : It is now, upon all of the records, files, and proceedings herein, ordered that said order of the civil court of Milwaukee county be, and the same hereby is, reversed, and that said demurrer *ore tenus* be, and the same hereby is, overruled and dismissed. . . .

"It is further ordered that this cause be, and the same hereby is, remanded to the civil court of Milwaukee county for further proceedings according to law."

The notice of entry of the order of the circuit court was thereupon served, in which appears the following language: "You will please take notice that an order was duly made and entered in the above entitled matter on the 26th day of December, 1928, of which a copy is herewith served upon you."

The defendant then appealed from the order of the circuit court, and executed an undertaking on such appeal according to law. The record of the civil court aforesaid and of the circuit court are now before this court, and the plaintiff thereupon moved this court to dismiss the defendant's appeal upon the ground that the order of the civil court sustaining the demurrer *ore tenus* is not appealable.

The plaintiff, therefore, on this motion takes the position that the final action of the civil court constituted an order and not a judgment, and that the order sustaining the demurrer *ore tenus* is not appealable. The position of the defendant is to the effect that although the final action of the civil court in form constitutes an order, it nevertheless in substance is a judgment, and that, being a judgment, an appeal lies therefrom.

Plaintiff relies upon the case of *Mandelert v. Superior C. L. Co.* 104 Wis. 423, 80 N. W. 726, wherein it is said in the syllabus:

"A demurrer *ore tenus* is not a demurrer within the meaning of sub. 3, sec. 3069, Stats. 1898, which authorizes an appeal from an order which 'sustains or overrules a demurrer;' and an appeal cannot be taken from a ruling sustaining a demurrer *ore tenus,* even though such ruling be embodied in a written order."

The defendant relies upon the case of *Hassler v. Sheets,* 169 Wis. 419, 172 N. W. 713, wherein it is said in the syllabus:

"A direction of the civil court of Milwaukee county, in an action for unlawful detainer, that 'this action be and the same is dismissed,' though in form an order, is in fact and in effect a judgment, and is appealable, being an order of dismissal as distinguished from an order directing judgment of dismissal."

If the final action of the civil court as revealed by the foregoing docket constitutes a mere order sustaining a demurrer *ore tenus,* no appeal therefrom lies, and such order cannot be converted into a judgment by the mere fact that the parties thereto treated it as a judgment when in reality it is an order. The express provisions of the statutes on appeal cannot be evaded, either by an agreement between the parties or by a wrong construction placed upon the final action of the civil court; neither could such conversion result from the fact that counsel on the pretended appeal to

the circuit court treated such final action of the civil court as a judgment. The right of appeal is statutory, and it exists only where the statute authorizes it.

To hold that the circuit court had jurisdiction under the foregoing facts as disclosed by the docket and the record would result in an annihilation of the statutory provisions on appeal. The language employed by the learned civil court clearly constitutes its final action as an order and not a judgment, and the language so employed is clearly distinguishable from that used in the *Hassler Case, supra.*

The final action of the circuit court on the pretended appeal unmistakably manifests that the appeal was from an order and not from a judgment, and it is also manifest from the record that the issue now before us was at no time presented to the circuit court, but that such court of its own accord treated the appeal as one from an order and not from a judgment, evidently laboring under the mistaken impression that such an order was appealable.

*By the Court.*—It is therefore ordered that plaintiff's motion be granted and that the appeal be dismissed; and that the cause be remanded for further proceedings in accordance with this opinion.