ESTATE OF FISH: HRDLICKA, Executrix, Appellant, vs. FISH, Respondent.

*October 9—November 5, 1929.*

O. S. *Loomis* of Mauston, for the appellant.

For the respondent there was a brief by *Grotophorst, Quale & Langer* of Baraboo and *N. E. Van Dyke* of Kilbourn, and oral argument by *Norman Quale*.

FRITZ, J. On December 26, 1928, the county court of Juneau county entered orders construing the will of the deceased and denying appellant's motion for a new trial. To appeal from those orders a notice of appeal had to be served within sixty days from December 26, 1928, because of sec. 324.04, Stats., which provides that in counties having a population of over 15,000 (which includes Juneau county), the time within which an appeal may be taken to obtain a review by the supreme court of any order of the county court "is limited to sixty days from the date of the entry thereof." No such notice was served on the judge or clerk of the county court until April 23, 1929, or on the attorneys of the adverse party until April 25, 1929. By stipulations entered into, from time to time, between the parties primarily affected by the orders of December 26, 1928, the time to settle a bill of exceptions and to take an appeal was extended to April 3, 1929. On April 2, 1929, and April 20, 1929, without any notice to the attorneys of the adverse party, the county court by order extended for twenty days the time to serve and settle a bill of exceptions, but no order was made by that court for the extension of the time to appeal from the orders of December 26, 1928. Likewise, no application to the county court under sec. 324.05, Stats., or showing as required by that section, has ever been made to the county court for leave to allow an appeal to be taken with the same effect as though seasonably done.

Under those circumstances there is no valid appeal to this court even though the record has been transmitted by the county court, or that court might, in its discretion, under sec. 324.05, Stats., upon such a showing and notice as that section prescribes, have by an order authorized an appeal after the expiration of the sixty days. Sec. 324.04, Stats., "grants to the person therein named the absolute right of appeal. That right must be exercised within sixty days. Even though the county court has power to authorize an appeal under certain circumstances after the expiration of sixty days, the absolute right of appeal is lost unless taken within sixty days." *Estate of McLean,* 189 Wis. 567, 569, 208 N. W. 464.

Upon the expiration of sixty days from December 26, 1928, that absolute right to appeal was lost, and unless, upon a proper showing and hearing under sec. 324.05, Stats., pursuant to reasonable notice to the party adversely interested, the county court expressly allows an appeal to be taken, this court is without jurisdiction to review those orders, even though upon a timely taken appeal this court would have had jurisdiction. *Hoefer v. Milwaukee,* 155 Wis. 83, 143 N. W. 1038; *Thomsen v. Gennrich,* 186 Wis. 76, 202 N. W. 168; *Hogensen v. Prahl,* 190 Wis. 214, 208 N. W. 867.

Since the assignment of this cause for argument on October 9, 1929, counsel have filed a stipulation waiving the respondent's objection to the "insufficiency or irregularity" of appellant's appeal, and stipulating that the case be treated by this court on its merits. "Appellate jurisdiction cannot be conferred merely by consent to its exercise." *Free v. Western Union Tel. Co.* 158 Wis. 36, 39, 147 N. W. 1040.

"The court is required to determine the question of its own jurisdiction in every case, whether raised by the parties or not, and refuse to exercise jurisdiction if none exists, even against the request of litigants, under a familiar rule that consent of parties cannot clothe the court with jurisdic-

tion of the subject matter." *Henk v. Baumann,* 100 Wis. 28, 30, 75 N. W. 313; *Hyde v. German Nat. Bank,* 96 Wis. 406, 410, 71 N. W. 659.

Although the merits of the case have been well presented by counsel, we refrain from expressing an opinion thereon at this time, because, as was said in *Putney v. Milwaukee L., H. & T. Co.* 126 Wis. 658, 660, 105 N. W. 1066:

"The practice of rendering an opinion in a case where there is no valid appeal, where in reality the cause has not yet reached this court, is of such doubtful propriety that the very few instances where that has been done cannot be regarded as precedents to be followed, especially in the absence of some peculiar necessity therefor. There does not seem to be any such necessity in this instance,—no necessity of such overpowering character, if there could be one, really justifying the court in speaking outside its jurisdiction."

*By the Court.*—Appeal dismissed.