Milwaukee Accredited Schools of Beauty Culture, Inc., Respondent, vs. Patti, Appellant.

*February 5—March 11, 1941.*

278

*Edward S. Grodin* of Milwaukee, for the appellant.

For the respondent the cause was submitted on the brief of *Jerome F. Treis,* attorney, and *John S. Barry* and *Alexander Lakes* of counsel, all of Milwaukee.

ROSENBERRY, C. J.   The plaintiff contends that the order is not an appealable order.   It is considered that this point is not well taken.   The plaintiff cites the case of *Plankinton Building Properties v. Hurley-Reilly Co.* (1929) 198 Wis. 296, 223 N. W. 835.   The *Plankinton Building Properties*

*Case* was one wherein the defendant appealed from an order sustaining a demurrer *ore tenus*. We see no possible connection between that case and this. This order if not appealed was a final order affecting a substantial right made upon summary application in the action after judgment and is clearly appealable under the provisions of sec. 274.33 (2), Stats.

The real question in the case is whether the property which the court commissioner ordered sequestered is exempt from execution. That part of sec. 272.18, Stats. 1939, applicable, provides:

"No property hereinafter mentioned shall be liable to seizure or sale on execution or on any provisional or final process issued from any court or any proceedings in aid thereof, except as otherwise specially provided in the statutes: . . .
"(5) *Wearing apparel, household goods and firearms.* All wearing apparel of the debtor and his family. . . ."

The question for decision presents difficulties. The civil court in its decision said:

"It would not be doing any great violence to the term wearing apparel as used in the term bankrupt act to include in it a gold watch of moderate value. The definition of the word apparel as given by lexicographers is not confined to clothing. The idea of ornamentation seems to be a rather prominent element in the word and it is not improper to say that a man wears a watch or wears a cane. The phrase wearing apparel as used in exemption laws has its proper sense and includes all the articles of dress generally worn by persons of the calling and condition of life in the locality of the residence of the person claiming the exemption. It includes whatever is reasonably proper and customary in the way of ornaments. *Phillips v. Phillips* (1907), 151 Ala. 527."

The circuit court in reversing the civil court said:

"Our supreme court has not decided the precise question here presented. There is a division of authority upon the

proposition. It is pointed out, however, that the federal district court for the Eastern district of Wisconsin in the matter of *Eunice Conroy Caron, Bankrupt,* construing the Wisconsin statute held on July 20, 1937, that a diamond ring was not exempted. On appeal in the circuit court of appeals this decision was affirmed, 93 Fed. (2d) 1000.

"The weight of authority and the better reasoning, in my opinion, supports the view that the articles in question are not exempted from seizure or sale on execution under the provisions of section 272.18 (5)."

In *In re H. L. Evans & Co.* (D. C. 1907), 158 Fed. 153, 155, the court, in construing a Delaware statute quite similar to our statute, said:

"Unlike the pre-existing law restricting the exemption of wearing apparel to such as was necessary, it does not expressly or by implication limit either the value or amount 'or the character of the wearing apparel intended to be exempt. It covers all wearing apparel of the debtor worn or intended to be worn by him and his family. . . . The Delaware statute now in force, unlike those of many of her sister states, contains, as above mentioned, no limitation of the value or amount of the exempt property. No sum of money is specified as the maximum value of the exempt apparel, nor is the term 'necessary' or any other expression employed which by implication might carry with it a restriction as to its amount or character. Therefore the value or amount of the articles in any given case falling within the class of property designated in the exemption clause is wholly irrelevant to the question whether they are or are not exempt, save in so far as such value or amount may be indicative of *mala fides* on the part of the debtor or an intent to defraud his creditors. If the wearing apparel claimed as exempt be so excessive in amount or value as, due regard being had to the circumstances of the particular case, including condition and style of living, to create a conviction that the demand is made for the purpose of defrauding creditors,' such claim will be disallowed in whole or in part by reason of the fraud. Nor is it to be tolerated that one should invest inordinately large sums of money in wearing apparel with an intent to hinder and defraud his

creditors, and effectuate his wrongful purpose by resorting to the expedient of wearing or intending to wear it, in whole or in part. But fraud must be strictly proved; and here no fraud is charged against either of the bankrupts with respect to the exemption claimed. . . .

"It is clear on the authorities that wearing apparel may include articles worn on the person, other than hats, shoes, and what is commonly understood by the term 'clothing.' It would, however, be difficult, if not impossible by precise definition to furnish an unfailing test to distinguish under all circumstances between what things would and what things would not constitute wearing apparel within the intent of such an exemption law as that of Delaware. But, while in the decision in any case of the question whether given articles are wearing apparel due regard should be had to the particular circumstances and blind reliance should not be placed on any rigid rule of supposed universal application, there are nevertheless considerations of a general character which will shed light on the subject. Articles intended and adapted to be worn on the person and necessary to or promotive of protection of the person against the elements, or personal comfort or decency, or serving to ornament the person, may be wearing apparel; for the principal, if not only, objects to be attained through such apparel are such protection, comfort, decency, and ornamentation."

In that case the articles claimed exempt were a gold watch, a watch chain, a set of cufflinks, a watch fob, a gold ring with a diamond setting, a gold ring with a sapphire setting, a pearl scarfpin, a ruby scarfpin, and a set of shirt studs to the value of $444.50.

*In the Matter of Eunice Conroy Caron, Bankrupt, supra,* cited by the circuit court, does not seem to be reported. Apparently the decision was made by the district court and on appeal the circuit court of appeals dismissed the appeal without stating the reason for the dismissal.

It is considered that the court in *In re H. L. Evans & Co., supra,* correctly stated the law and we cannot give better reasons for the decision than those stated.

It is not necessary in this case to determine whether an effort to conceal assets in the form of wearing apparel would constitute fraud under certain circumstances; the articles here in question are not of a value unsuitable to the circumstances of the defendant. They are as such things go of a very modest value. Certainly no inference that the defendant was attempting to conceal her assets by investing in wearing apparel can be drawn in this case. As the federal court pointed out, if it is the desire of the legislature to have limitations placed upon the value of such articles, it should do as it has done in other sections of the statute, place a limitation upon value. There are a number of such limitations in the statute. We conclude that the articles in question in this case are exempt as coming within the term "all wearing apparel."

*By the Court.*—The order appealed from is reversed with directions to affirm the order of the civil court.