In the Matter of Donald William MARTINSON, Carol Joan Martinson, Debtors.

Bankruptcy No. MM7–85–01250.

United States Bankruptcy Court, W.D. Wisconsin.

Jan. 27, 1986.

Virginia M. Bartelt, Stafford, Rosenbaum, Rieser & Hansen, Madison, Wis., for debtors.

Jerry J. Armstrong, Madison, Wis., trustee.

## MEMORANDUM DECISION AND ORDER

ROBERT D. MARTIN, Bankruptcy Judge.

Donald William Martinson and Carol Joan Martinson ("Martinsons") filed for relief under chapter 7 of the Bankruptcy Code on June 24, 1985. The Martinsons elected exemptions under Wisconsin law. Mr. Martinson claimed a retirement account, the Emjay Master Profit and Retirement Plan ("the plan"), as exempt under section 815.18(31) of the Wisconsin Statutes. The plan was established by Martinson Implement, Inc. for the benefit of its employees. Mr. Martinson's account had a vested amount of $84,110.70.

On August 28, 1985, the trustee filed an objection to this exemption claiming that WIS.STAT. § 815.18(31) violates the Wisconsin Constitution.[1] Wisconsin Constitu-

---

1. WIS.STAT. § 815.18(31) provides:

815.18 *Property exempt from execution.* No property hereinafter mentioned shall be liable to seizure or sale on execution or on any provisional or final process issued from any court or any proceedings in aid thereof, except as otherwise specially provided in the statutes:

. . . .

(31) EMPLOYE RETIREMENT BENEFITS. (a) The term 'plan' as used in this subsection means any retirement, pension, disability, death benefit, stock bonus or profit-sharing plan created by an employer for the exclusive benefit of himself, if self-employed or of some or all of his employes, or their dependents or beneficiaries, to which contributions are made by such employer, or employes, or both, for the purpose of distributing in accordance with such plan to such employes, or their dependents or beneficiaries, the earnings or the principal, or both, of a trust created as

part of the plan, or annuity, insurance or other benefits under such a plan whether or not purchased by a trust; if it is impossible under a trust created as part of a plan at any time prior to the satisfaction of all liabilities with respect to employes and their dependents and beneficiaries under the trust, for any part of the principal or income to be at any time used for or diverted to purposes other than for the exclusive benefit of such employes, or their dependents or beneficiaries. The term 'employer' as used in this subsection shall be deemed to include a group of employers creating a combined plan for the benefit of their employes or the beneficiaries of such employes.

(b) The income arising from any personal property held in any employes' trust created as part of a plan may be permitted to accumulate in accordance with the terms of said trust and the plan of which said trust forms a part for such time as may be necessary to accom-

tion Article I, Section 17 requires the State of Wisconsin to provide "reasonable" exemptions for the "necessary comforts of life" of the debtor.[2] The trustee's objection is that exempting the plan exceeds this reasonable amount to the extent of violating the Wisconsin Constitution. *See Northside Bank, et al. v. Gentile,* Case No. 84–CV–1265 (Racine County Cir.Ct. March 1, 1985) which found the statute in question unconstitutional under the Wisconsin Constitution.

■ The argument that Article I, section 17 of the Wisconsin Constitution necessarily implies some upward limitation is not a new one. In fact, this contention was first advanced in *Phelps v. Rooney,* 9 Wis. 55 (1859).[3] In *Phelps,* the debtors succeeded in exempting under the homestead exemption a four-story building which was used both as the debtor's principal residence and as commercial property. The majority of the Wisconsin Supreme Court refused to hold the law unconstitutional under Article I, Section 17 of the state constitution despite the fact that the statute did not contain a monetary limit. Chief Justice Dickson in dissent forwarded the argument that the Wisconsin Constitution required some upward limitation on exemptions in order to meet the constitutional requirement that a "reasonable amount of property" be exempted. *See id.* at 81 et seq., *Dixon C.J., dissenting on motion for rehearing.*

However, in *Bull v. Conroe,* 13 Wis. 260 (1860),[4] Chief Justice Dickson himself admitted that this view of the Wisconsin Constitution was not the law. Referring to the power given to the legislature by Article I, section 17, he said:

> But I cannot assent to the doctrine that the discretionary power given to the legislature is absolute and unlimited; and that it may do no violence to the clause, as well by exempting too much as too little.... I have endeavored to give my views and the reasons which have led to my conclusions upon this latter branch of the subject; but as my brethren think differently, those views cannot be regarded as the true exposition of the constitution in this particular.

*Id.* at 267–68. Since there has been no ruling contradictory to *Phelps,* it must be concluded that the majority opinion in *Phelps* is still the law of this state.

Just as no monetary limit is implied by the Wisconsin Constitution, neither may one be inferred as a matter of statutory construction. *Milwaukee Accredited Schools of Beauty Culture, Inc. v. Patti,* 237 Wis. 277, 296 N.W. 616 (1941). In *Milwaukee Accredited Schools,* the defendant exempted some jewelry under WIS. STAT. § 272.18(5) (now section 815.18(5)) which allows an exemption for wearing apparel. As well as finding that the articles in question were wearing apparel as defined by the statute, the court found the value of such items wholly irrelevant. In determining that no limit was intended, the Wisconsin Supreme Court noted that if the legislature had desired a limitation to be placed upon the value of exempt items, it could do so as it had done in other sections of the statute. *Id.* at 282, 296 N.W. 616.

---

plish the purposes for which such trust has been created. Any such employes' trust shall not be deemed to be invalid as violating the rule against perpetuities or any law or rule against perpetuities or the suspension of the power of alienation of title to property, but such a trust may continue for such time as may be necessary to accomplish the purposes for which it has been created.

(c) The interest of any person in any employes' benefit plan as defined in this subsection and any pension or other benefit derived therefrom shall not be subject to any garnishment, attachment, execution, sequestration, levy or any other legal or equitable process and no assignment of any such interest, pension or other benefit shall be valid or recognized.

2. Article I, Section 17 of the Wisconsin Constitution provides:

> *Exemption of property of debtors.* SECTION 17. The privilege of the debtor to enjoy the necessary comforts of life shall be recognized by wholesome laws, exempting a reasonable amount of property from seizure or sale for the payment of any debt or liability hereafter contracted.

3. Originally found at 9 Wis. 70.

4. Originally found at 13 Wis. 233.

It is clear that the trustee in this case bears a heavy burden. In *County of Portage v. Steinpreis*, 104 Wis.2d 466, 312 N.W.2d 731 (1981), the Wisconsin Supreme Court reaffirmed the rule that the unconstitutionality of a statute must be demonstrated beyond a reasonable doubt. *Id.* at 478, 312 N.W.2d 731, *quoting State ex rel. Strykowski v. Wilkie*, 81 Wis.2d 491, 261 N.W.2d 434 (1978). This is in accord with the principle of federal law that a trial court should declare an Act of Congress unconstitutional only in a clear case, *In Re Sweeney*, 7 B.R. 814, 817 (Bankr.E.D.Wis. 1980), *rev'd sub nom, In Re Gifford*, 669 F.2d 468 (7th Cir.1982), *decision of bankruptcy court reinstated on reh. en banc*, 688 F.2d 447 (7th Cir.1982). Wisconsin courts also adhere to the assumption that the legislature passes laws with the knowledge of prior interpretive court decisions. *Glinski v. Sheldon*, 88 Wis.2d 509, 519–20, 276 N.W.2d 815 (1979).

The trustee has not sustained the burden of proving this statute unconstitutional beyond a reasonable doubt. Despite the fact that the amount of money in the retirement account is substantial, the trustee has not shown how this would violate the reasonableness standard provided by the Wisconsin Constitution. In fact, the trustee has cited no binding authority which would overturn *Phelps, supra*.

■ It is clear that the entire basis of the trustee's objection is the trial court decision in *Northside Bank v. Gentile*. That decision is at best persuasive and is not controlling on this court. Further, its reasoning is based upon a misinterpretation of *Sorensen v. Jarvis*, 119 Wis.2d 627, 350 N.W.2d 108 (1984). *Sorensen* simply said that the courts had the power to create a common law cause of action. The trial court failed to see that that principle cannot be extended to mean that a court may summarily strike down a legislative enactment as unconstitutional merely because the court happens to disagree with the legislature's policy decision. Moreover, *Sorensen* itself expressly recognized the power of the legislature to change the court's determination of the common law. *Id.* at 633, 350 N.W.2d 108. The deference shown in *Sorensen* cuts strongly against the attitude demonstrated by the trial court in *Northside Bank*.

Upon the foregoing the objection of the trustee is overruled.