**Lawrence E. MCCABE, Janet McCabe, Debtors.**

No. 02–00250.

United States Bankruptcy Court, N.D. Iowa.

June 17, 2002.

Becket & Lee LLP, Malvern, PA, for creditors American Express Centurion Bank, MBNA America (Delaware), N.A.

Matt Cash, Chicago, IL, for creditor General Growth Management, Inc.

C. Peter Hayek, Iowa City, IA, for creditor Wilton Savings Bank.

Eric W. Lam, Cedar Rapids, IA, for creditor Washington County Bank.

Lawrence L. Lynch, Iowa City, IA, Robert S. Michael, Iowa City, IA, for creditor Iowa Community Credit Union.

Wesley B. Huisinga, Cedar Rapids, IA, for creditor Deere & Company.

Curtis G. McCormick, Des Moines, IA, for creditor Daimler Chrysler Services North America.

H. Raymond Terpstra, II, Cedar Rapids, IA, for creditors Hills Bank and Trust Company, Solon State Bank, Textron Financial Corporation.

Thomas G. McCuskey, Cedar Rapids, IA, for debtors.

Joseph A. Peiffer, Cedar Rapids, IA, for Sheryl Youngblut, trustee.

### ORDER RE OBJECTION TO EXEMPTION BY TRUSTEE AND SOLON STATE BANK

PAUL J. KILBURG, Chief Judge.

On May 23, 2002, the above-captioned matter came on for hearing pursuant to

assignment. Debtors appeared by Attorney Tom McCuskey. Trustee Sheryl Youngblut was present with her attorney, Joseph Peiffer. Solon State Bank was represented by Attorney Ray Terpstra. The matters before the Court are objections to exemptions filed by the Trustee. Solon State Bank also filed an objection to exemption which is limited to Debtors' homestead. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

## STATEMENT OF THE CASE

Numerous objections to exemptions were filed in the initial pleadings. At the time of hearing, some of these objections were resolved. The Court will briefly address the resolved issues and then more fully discuss the remaining two objections. The remaining objections relate to a shotgun and IRAs which are claimed exempt by Debtors.

## RESOLVED OBJECTIONS

A. *Automobiles.* Trustee asserts Debtors claimed two automobiles as exempt. The total claimed value of these automobiles is $8,500. Iowa Code sec.627.6(9) provides that Debtors may only claim one motor vehicle with a value not to exceed $5,000. Prior to the commencement of evidence, counsel for Debtor indicated that this objection would not be an issue. One of the automobiles would be returned or sold and the maximum amount of any exemption would not exceed $5,000. The parties agreed that this issue would be resolved within 30 days of the date of hearing or one or both of the automobiles would be sold to bring the exemption within the limitations of Iowa Code sec. 627.6(9).

B. *Homestead.* It is conceded that this property lies within the city limits of Coralville and is 3.09 acres in size. Pursuant to Iowa Code sec. 499A.18, 561.16, 561.19, and 561.20, Debtors are allowed to claim a homestead of no more than one-half acre within the city limits of a municipality. The parties agree that the Court can enter an order sustaining the objection to the homestead exemption which is in excess of one-half acre. The parties agree that a survey will eventually be performed after which Debtors will elect which one-half acre of this parcel to carve out as Debtors' homestead exemption. Therefore, Debtors homestead exemption shall be limited to one-half acre to be further defined as necessary.

C. *Household Goods.* At the time of hearing and prior to the presentation of evidence, the Trustee withdrew the objection to the objection to the household goods exemption.

D. *Tax Refunds.* The Trustee objected to Debtors' attempted exemption of $2,000 in tax refunds when they had also claimed $5,000 exempt as an automobile pursuant to sec. 627.6(9). After the presentation of evidence, it appears that this issue is resolved. The IRS has seized any prior refunds and apparently, none are claimed for this year. As such, no issue exists as to the claim of excessive tax refunds as an exemption.

E. *Life Insurance.* Debtors claimed their interest in a life insurance policy from USG Annuity and Life as exempt property. There may exist some equity in the policy. However, Debtors have not contributed more than $10,000 per year in the last two years before the filing of the bankruptcy. They have owned this policy for more than 40 years. The evidence established that it is USG Annuity and Life Policy No. 1814754. Debtors also had other term insurance at some point with

John Deere. However, those policies have been terminated. At the close of the evidence, the Trustee withdrew any objection which it had lodged to the claimed exemption of the USG Annuity and Life Policy.

## SHOTGUN

Trustee objects to the claimed exemption of a Browning Belgium shotgun. Debtor Lawrence McCabe testified that the shotgun was purchased on his attorney's recommendation prior to the filing of Debtors' petition. He testified that the funds used to purchase the shotgun came from an account that was jointly owned by Debtor and his wife but that it was his wife's money. The funds had been recently consolidated into one account from two or three different bank accounts.

Mr. McCabe has, from time-to-time, owned rifles or shotguns. He purchased this shotgun from his son-in-law for $10,320 and actually paid that amount for the gun. He fired the shotgun once or twice both before and after it was purchased. At the time he purchased the shotgun, he had claimed assets of approximately $300,000 and liabilities in excess of $3,000,000. When he purchased the shotgun, Mr. McCabe knew that it would be claimed exempt. He testified that if the shotgun had not been an exemptible item, he "probably would not" have purchased it. Mr. McCabe intends to keep the shotgun. If financial circumstances require it, however, he would sell it.

■ Iowa law is applied to determine whether an exemption for a rifle or shotgun should be allowed. *In re Krantz*, 97 B.R. 514, 521 (Bankr.N.D.Iowa 1989). "When the debtor claims a state created exemption, the scope of the claim is determined by state law." *Norwest Bank Nebraska, N.A., v. Tveten*, 848 F.2d 871, 873–74 (8th Cir.1988). The objectors must prove their case by clear and convincing evidence. *Krantz*, 97 B.R. at 519 ("The Iowa Supreme Court appears to hold that in matters concerning fraud, a higher burden of proof is required, that the complainant must prove fraud by clear, convincing and satisfactory evidence.").

■ Iowa exemption law is to be interpreted liberally to effectuate the purpose of the statute. *In re Caslavka*, 179 B.R. 141, 143 (Bankr.N.D.Iowa 1995). The basic purposes of exemption laws are to provide debtors with enough money to survive and afford a means of financial rehabilitation by protecting the family unit from impoverishment. *In re Hahn*, 5 B.R. 242, 244 (Bankr.S.D.Iowa 1980). While Iowa exemption statutes must be liberally construed, a court applying these principles must be careful not to depart substantially from the express language of the exemption statute or to extend the legislative grant. *In re Erickson*, 76 B.R. 136, 137 (Bankr.S.D.Iowa 1987). In other words, the Court must liberally apply the statute in a manner consistent with its purpose. *In re Crane*, 97–02968, slip op. at 3 (Bankr.N.D.Iowa Feb. 11, 1998).

■■ The general rule in Iowa regarding the conversion of non-exempt property into exempt property is that conversion of such property does not of itself give the creditor any right to follow the exempt property. *American Sav. Bank v. Willenbrock*, 209 Iowa 250, 228 N.W. 295, 300–01 (Iowa 1929). Factors extrinsic to the act of the conversion must be shown to defeat an exemption. *Eichelberger*, slip op. at 7. "Absent extrinsic evidence of fraud, mere conversion of non-exempt property to exempt property is not fraudulent as to creditors even if the motivation behind the conversion is to place those assets beyond the reach of creditors." *Id.* (quoting *Tveten*, 848 F.2d at 874).

While some categories of property defined in the exemption statute have limiting dollar amounts, there are no dollar limits on the use of sec. 627.6(2). Iowa Code § 627.6(2). "Ultimately, fixed dollar limits on the use of exemptions must be set by legislatures.... In light of the danger that judges will inadvertently fix inconsistent or arbitrary limits on the statutory exemptions, we must err in favor of the debtor." *In re Johnson,* 880 F.2d 78, 83–84 (8th Cir.1989); *see also Milwaukee Accredited Schs. of Beauty Culture, Inc. v. Patti,* 237 Wis. 277, 296 N.W. 616, 618–19 (1941) ("if the legislature had desired a limitation to be placed upon the value of exempt items, it could do so as it had done in other sections of the statute").

This court in *In re Eichelberger,* L–89–00013W (Bankr.N.D.Iowa Sept. 29, 1989), was presented with similar facts. The dispute involved an objection to the debtor's purchase of a 1876 Winchester rifle for $22,000 shortly before filing bankruptcy. *Id.* slip op. at 1. This Court held that "there is not the necessary showing of extrinsic fraud to sustain the objection to exemptions. Since the rifle is clearly an item of exempt property under the Iowa Exemption Statute, the objection to the exemption is overruled." *Id.* at 11. The opinion further held that although "the Debtor may very well be 'thumbing his nose' at his creditors by spending $10,000 on a Christmas vacation, $6,090 for dog obedience school, and $22,000 for a rifle, such a callous attitude toward his creditors does not, in and of itself, constitute extrinsic evidence of fraud." *Eichelberger,* slip op. at 11. The court stated that "while the $22,000 used to purchase the rifle is not an insignificant amount of money, it is well below amounts which this Court and other courts have previously sanctioned as appropriate sums of money to transfer into exempt property." *Id.* at 11; *see also Hanson v. First Nat'l Bank,* 848 F.2d 866,

869 (8th Cir.1988) (overruling an objection to an exemption involving in excess of $30,000 transferred into exempt property shortly before filing bankruptcy); *In re Breuer,* 68 B.R. 48, 51 (Bankr.N.D.Iowa 1985) (allowing $53,600 worth of exemptions and life insurance); *In re Ellingson,* 63 B.R. 271, 279 (Bankr.N.D.Iowa 1986) (allowing a transfer of approximately $55,000 into debtor's homestead).

The purpose of Section 627.6(2) is evidenced by its historical underpinnings. Section 627.6(2) was derived from Iowa Code sec. 1898 (1851). *See* Iowa Code Ann. § 627.6(2) (2001). Section 1898 states:

> The following property of private individuals is also exempt from execution: All wearing apparel kept for actual use and suitable to the condition of the party, and trunks, and other receptacles to contain the same; **one musket or rifle;** the proper tools, instruments, or books of any farmer, mechanic, surveyor, physician, teacher, or professor; the horse or team and wagon or other vehicle with the proper harness or tackle by use of which any physician, public officer, farmer, teamster, or other laborer habitually earns his living; all libraries, family bibles, portraits and paintings; a seat or pew occupied by the debtor or his family in any house of public worship; and an interest in a public or private burying ground not exceeding one acre for any defendant.

Iowa Code § 1898 (1851) (emphasis added). The passage of sec. 1898 was a policy decision by the Iowa legislature to exempt items which provide the debtor with the necessities for living. It appears the purpose of sec. 1898 was to provide the debtor with a "fresh start" by protecting property necessary to meet everyday needs, as those needs existed at that time. This philosophy has been carried forward into

Iowa Code sec. 627.6 (2001), the current version of Iowa Code sec. 1898 (1851).

Iowa law has consistently held that a gun is properly claimed as exempt under this statute. Whether it should be allowed without dollar limitation is a separate issue. It may be argued that whatever public policy decisions mandated that a shotgun be allowed as exempt in 1851 have now become outdated. Public policy may now require that this type of property should not be exempted without limitation. This is particularly so when the shotgun serves no articulate purpose under the fresh start doctrine. A house, a car, and tools-of-the-trade continue to have a clear function for a debtor after bankruptcy. Here, by Debtor's own admission, the gun was purchased solely to change cash into exempt property. The gun merely serves as an alternative form of cash for as long as Debtor elects to keep it. Nevertheless, the legislature has imposed dollar limitations on some types of exempt property and not on others. Ultimately, the legislature must impose limitations. Absent legislature limitation, the purchase of a shotgun, even a very expensive one, does not violate sec.627.6(2) and the objection to exemption must be overruled.

### IRA's

■ Debtors claim four IRAs as exempt property. Trustee objects to this exemption. Debtors have four accounts with Edward Jones which are IRAs. Two of the accounts are in excess of $40,000. The remaining accounts are each in the amount of $2,000. The total amount of the IRAs is somewhat in excess of $92,000. These accounts have been with Edward Jones since 1998. Some were initially purchased from the Hartford Bank and some from Iowa State Bank. Debtors testified that they have been contributing to IRAs since the late 1970s. Mr. McCabe is age 70 and his wife is 69. They have operated McCabe Implement which had no pension plan. Debtors have no retirement accounts other than these four IRAs.

There have been no distributions from the IRA accounts. Mr. McCabe's income is limited to social security and unemployment insurance. The unemployment insurance will expire in September 2002. Mrs. McCabe's income is limited to social security. Prior to the business closing, Mr. McCabe had been drawing a salary of $24,000 per year from McCabe Implement. Mrs. McCabe had taken a very reduced salary from the business. Mr. McCabe testified that he does not believe that they contributed more than $2,000 per year to the IRA accounts. The funds are available from these accounts at any time without limitation other than any income tax or IRS penalties for early withdrawal. The policies do not have any limitations requiring illness or retirement before they can be accessed by Debtors.

The issue to be resolved is whether the IRA's are exempt under Iowa law. In *In re Huebner*, 986 F.2d 1222, 1225 (8th Cir. 1993), the court disallowed an IRA as an exemption under Iowa Code sec. 627.6(8)(e), then in effect. Iowa Code sec. 627.6(8)(f)(3) (2001), however, specifically permits such an exemption. Debtors have claimed the IRA's exempt pursuant to sec. 627.6(8)(e). However, the Iowa Code section which properly addresses this issue is sec. 627.6(8)(f)(3). The analysis in this opinion will focus on that Code section. Section 627.6(8)(f)(3) which was enacted after the decision in *Huebner* states:

A debtor who is a resident of this state may hold exempt from execution the following property:

The debtor's rights in:

f. Contributions and assets, including the accumulated earnings and market increases in value, in any of the plans or contracts as follows:

(3) For simplified employee pension plans, self-employed pension plans (also known as Keogh plans or H.R.10 plans), **individual retirement accounts established under section 408(a) of the Internal Revenue Code,** individual retirement annuities established under section 408(b) of the Internal Revenue Code, savings incentive matched plans for employees, salary reduction simplified employee pension plans (also known as SARSEPs), and similar plans for retirement investments authorized in the future under federal law, **the exemption for contributions shall not exceed, for each tax year of contributions, the actual amount of the contribution deducted on the debtor's tax return or the maximum amount which could be contributed to an individual retirement account established under section 408(a) of the Internal Revenue Code and deducted in the tax year of the contribution, whichever is less.** The exemption for accumulated earnings and market increases in value of plans under this subparagraph shall be limited to an amount determined by multiplying all the accumulated earnings and market increases in value by a fraction, the numerator of which is the total amount of exempt contributions as determined by this subparagraph, and the denominator of which is the total of exempt and nonexempt contributions to the plan.

Iowa Code § 627.6(8)(f)(3)(2001)(emphasis added).

Debtors testified that not more than $2,000 per year has been contributed to the IRA's. The relevant contribution limit in § 408(a) is $2,000. I.R.C. § 219(b)(1)(A). It has been set at $2,000 since the enactment of I.R.C. § 219 in 1974.

It is the conclusion of this Court that Debtors' annual contributions did not exceed the $2,000 statutory limit set forth in § 408(a). Therefore, Debtors are allowed to exempt the IRA's pursuant to Iowa Code sec. 627.6(8)(f)(2001).

**WHEREFORE,** Trustee's objection to Debtors' claimed exemption of the shotgun is OVERRULED and DENIED.

**FURTHER,** Trustee's objection to Debtors' claimed exemption of the four IRA's is OVERRULED and DENIED.

**FURTHER,** all other objections to exemptions have been resolved by agreement of the parties.